Robert F. URBANO, Appellant,

v.

Frederic SONDERN, Jr., Appellee.

No. 182, Docket 30740.

United States Court of Appeals Second Circuit.

Submitted Nov. 16, 1966.

Decided Nov. 29, 1966.

Robert F. Urbano, pro se.

Lord, Day & Lord, New York City (John W. Castles, 3d, Wendell Davis, Jr., New York City, of counsel), for appellee.

Before LUMBARD, Chief Judge, MEDINA and KAUFMAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of Judge Zampano of the District of Connecticut, dismissing appellant's action as

frivolous, pursuant to 28 U.S.C. § 1915 (d).

Appellant, Robert Urbano, was sentenced to life imprisonment in May 1960, following a plea of *non vult* to an indictment for murder committed during a robbery of Bamberger's Department Store in Paramus, New Jersey. Urbano is presently serving his sentence in the New Jersey State Prison at Trenton.

It appears that in September 1961, the Federal Bureau of Investigation issued a press release describing appellant's criminal career. Many newspapers and magazines proceeded to run stories about Urbano, based in whole or in part on the FBI report, and appellant responded with several law suits (of which Urbano v. Fawcett Publications, Inc., 370 F.2d 14 (2d Cir. 1966), decided today, was one) against the authors, the publishers, and the FBI.

The present action is against the author of an article entitled, "The New-Style Bank Robber," which appeared in the December 1963 issue of Reader's Digest. Urbano alleges that the article is libelous. Appellant sought leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). On that application, the district court, while believing that Urbano's complaint lacked merit, permitted him to develop and expand his contentions. Voluminous briefs and appendices were submitted, and after studying them in detail, Judge Zampano concluded that the action was frivolous. He therefore dismissed the action pursuant to 28 U.S.C. § 1915(d) which provides that "[t]he court may * * * dismiss the case * * * if satisfied that the action is frivolous * * *."

After careful study of the entire record, we conclude that this action was properly dismissed as frivolous, both for the reasons set forth in Judge Zampano's well-reasoned decision, 41 F.R.D. 355, and because it seems highly unlikely that appellant, who has adduced no specific facts tending to show that he did not commit the crimes mentioned in defendant's article, could surmount either the defense of truth, or of qualified privilege to report the activities of public officials.[1]

Affirmed.

---

1. The request of appellant for the minutes of the oral argument on the appeal has become moot in light of the submission of this appeal without argument upon the consent of the appellee. The motion is accordingly denied.