H. Jardine **SAMURINE**, Plaintiff,

v.

**UNITED STATES** of America, **J. J. Parker, Warden, John Doe, Lieutenant, and Frank F. Kenton, Warden**, Defendants.

**Civ. No. 11710.**

United States District Court
D. Connecticut.

Nov. 28, 1967.

supra, and Rex Paper Company v. Reichhold Chemicals, Inc. (D.C.Mich.1966) 252 F.Supp. 314, 319.

914

Louis G. Matthews, Danbury, Conn., for plaintiff.

Jon Newman, U. S. Atty., John F. Mulcahy, Jr., Asst. U. S. Atty., Hartford, Conn., for defendants.

ZAMPANO, District Judge.

MEMORANDUM OF DECISION.

This is a civil action for compensatory and punitive damages filed by H. Jardine Samurine, age 77, who is presently incarcerated at the Federal Correctional Institution at Danbury, Connecticut, as a result of a conviction for failure to file income tax returns. The named defendants are the United States, Jacob J. Parker, Warden of the United States Penitentiary, Lewisburg, Pennsylvania, John Doe (now identified as Gerald Hicker), a Lieutenant at the Lewisburg prison, and Frank F. Kenton, Warden of the Danbury Institution.

The allegations of the plaintiff's complaint, as expanded in a series of letters and other documents sent to the Court, were confusing and inarticulate. Because it appeared jurisdiction over the individual defendants was lacking and the suit against the United States was frivolous, the Court's initial reaction was to deny the plaintiff's request to proceed *in forma pauperis*. 28 U.S.C. § 1915; Shobe v. People of State of California, 362 F.2d 545, 546 (9 Cir.1966), cert. denied, 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115; Smart v. Heinze, 347 F.2d 114, 116 (9 Cir.1965), cert. denied, 382 U.S. 896, 86 S.Ct. 192, 15 L.Ed.2d 153; Fletcher v. Young, 222 F.2d 222, 224 (4 Cir.1955), cert. denied, 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 802; Taylor v. Steele, 191 F.2d 852, 853 (8 Cir.1951).

Nonetheless, in an effort to afford the plaintiff every opportunity to present his contentions, the plaintiff was allowed to proceed *in forma pauperis* and Attorney Louis G. Matthews was appointed to represent him.

The plaintiff claims that the defendants caused or aggravated his stomach ailment, self-diagnosed as cancer, by falsely *imprisoning him* and by subjecting him to cruel and inhuman punishment. Specifically, plaintiff alleges that, in an attempt to extort money from him and despite his advanced age and medical condition, the defendants confined him at Lewisburg, put him in solitary confinement, assaulted him, and forced *him to perform arduous physical labor.*

The defendants, with supporting affidavits, have moved to dismiss the action or, in the alternative, for summary judgment. Briefs were filed by the parties and a hearing held. At the hearing the plaintiff, despite the appointment of well-qualified counsel, played an active role in the arguments and displayed the passion of one who believes himself grievously wronged. The Court now has a complete understanding of the plaintiff's contentions and the defenses, and is satisfied that it has no jurisdiction over the individual defendants and that the action against the United States is frivolous and ought to be dismissed. Urbano v. Sondern, 370 F.2d 13 (2 Cir. 1966), cert. denied, 386 U.S. 1034, 87 S. Ct. 1485, 18 L.Ed.2d 596.

■■ The government correctly asserts, as plaintiff's counsel concedes, that service upon the United States Attorney in Connecticut was insufficient to confer jurisdiction over Warden Parker and Lieutenant Hicker of the Lewisburg prison. As to them, therefore, the complaint is dismissed. Further, the complaint as to Warden Kenton also is dismissed because the plaintiff has himself, during oral argument and in letters to the Court, specifically disclaimed any intention of proceeding against Warden Kenton.

■ A fair reading of the plaintiff's allegations of fact in his suit against the United States indicates that damages are sought on theories of false imprisonment and assault and battery. Such torts by government agents are specifically excepted from recovery under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), by the provisions of 28 U.S.C. § 2680(h). Blitz v. Boog, 328 F.2d 596, 599 (2 Cir.1964); United States v. Shively, 345 F.2d 294, 297 (5 Cir. 1965). Insofar as any of the plaintiff's allegations might possibly be construed to set forth a cause of action sounding in "negligence", they fall within another exception of 28 U.S.C. § 1346, which exempts the United States from liability if a claim is based upon the "exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a); Morton v. United States, 97 U.S.App.D.C. 84, 228 F.2d 431, 432 (1956), cert. denied, 350 U.S. 975, 76 S.Ct. 452, 100 L.Ed. 845. Moreover, to the extent that the plaintiff's claimed injuries are causally related to the performance of prison work, his exclusive remedy is under the federal compensation system for prisoners injured in the course of performing duties assigned them at a federal penal institution, 18 U.S.C. § 4126. See, United States v. Demko, 385 U.S. 149, 152–153, 87 S.Ct. 382, 17 L.Ed.2d 258 (1966); Granade v. United States, 356 F.2d 837, 844 (2 Cir.1966), cert. denied, 385 U.S. 1012, 87 S.Ct. 720, 17 L.Ed.2d 549.

■ Therefore, there being no likelihood plaintiff will prevail on the merits, the government's motion to dismiss the complaint is granted. 28 U.S.C. § 1915(d).

Accordingly, it is

Ordered, that Civil Action No. 11,710 be, and the same hereby is, dismissed.

The Court is appreciative of the scholarly and conscientious efforts of Attorney Matthews.