Ernest F. BORUSKI, Plaintiff,

v.

Hon. Charles E. STEWART et al.,
Defendants.

No. 74 Civ. 2078 (MP).

United States District Court,
S. D. New York.

Sept. 13, 1974.

Ernest F. Boruski, pro se.

Paul J. Curran, U. S. Atty., S. D. N. Y., by Taggart D. Adams, Asst. U. S. Atty., for defendants.

## OPINION

POLLACK, District Judge.

Motions are before the Court on behalf of the defendants to dismiss this suit for insufficiency of the claim, lack of jurisdiction, res judicata, the bar of limitations and prolixity of the complaint. The plaintiff, on the other hand, seeks summary judgment in his favor for alleged failure of the defendants to timely plead to the complaint as amended.

This is a *pro se* action posited on the Civil Rights Act, 42 U.S.C. §§ 1985 and 1986, charging 37 present or former federal Army Air Force officers, federal personnel, federal judges, federal attorneys and a federal Court Clerk with conspiracy to deprive plaintiff of due process and the equal protection of the laws and with violation of federal criminal laws. Five of the named defendants are dead and three have not been served with process.

Central to plaintiff's underlying grievance is his contention that during upwards of the past 20 years he has never been afforded a hearing on his attempts to obtain correction of his purported status in the Army Air Force or to obtain the compensation and emoluments due him from the Air Force albeit he has tried to do so administratively and through federal courts. In this suit he attributes his failure to obtain the relief he claims to a wide ranging conspiracy among the named defendants to defeat and obstruct justice for him.

The plaintiff and his complaints are no strangers to this Court. He has heretofore litigated his grievances, unsuccessfully, which are succinctly summarized in Boruski v. United States Government, 493 F.2d 301, at 303 (2d Cir. 1974), (per curiam) as follows:

> Appellant, an Army Air Force lieutenant, was court-martialed and sentenced to dismissal from the service as of July 23, 1945, as the result of a September 23, 1944, flying accident in which a passenger was killed. This court-martial was subsequently reviewed by the Judge Advocate General, who found that an injustice had been done to appellant. Accordingly, on August 28, 1951, the sentence of dismissal was vacated and replaced by an administrative discharge, honorable in nature, pursuant to 50 U.S.C. § 740, under the decision of the Judge Advocate General. (footnote omitted)

> The honorable discharge, however, bore the date of the earlier dismissal, July 23, 1945, rather than that of the decision of the Judge Advocate General, August 28, 1951. Subsequently, after unsuccessful administrative proceedings, appellant brought an action in the Court of Claims. This culminated in the favorable judgment and award. While rejecting his claims for advancement in rank and flight pay, the court held that his discharge should have been made effective as of August 28, 1951, and awarded back pay from July 23, 1945, to that date. See Boruski v. United States, 155 F. Supp. [320] at 324 [140 Ct.Cl. 1]. The judgment for back pay was paid in full by the General Accounting Office in 1958.

It was not until August 29, 1969, that appellant did anything formally to indicate his dissatisfaction with the favorable result he had secured from the Court of Claims. In 1969 he filed a claim with AFBCMR [Air Force Board for the Correction of Military Records], arguing that his discharge was illegal, that he should not have been discharged at all and that he was therefore entitled to full status including promotions and back pay to date. He accompanied this petition with an application for a correction of his military records. After reapplying for this relief on May 3, 1970, and revising his application as of December 20, 1970, AFBCMR denied his applications. Appellant then brought the suit below.

The suit before the Court of Appeals was on plaintiff's complaint seeking to be restored to the active Air Force with the rank of brigadier general, together with back pay amounting to $506,000.00 in addition to compensation for damage suffered as the result of alleged inaccuracies related by military personnel at appellant's 1945 court-martial and relief in the nature of mandamus against the AFBCMR in reference to appellant's file during and after his connection with the Air Force. Judge Charles E. Stewart dismissed the suit on two grounds. First, that the United States Court of Claims in Boruski v. United States, 155

F.Supp. 320, 140 Ct.Cl. 1 (1957) held that plaintiff's honorable discharge was effective as of August 28, 1951 under which he was awarded $19,904.44 back pay to the date of that discharge, and that this judgment operated as a bar under 28 U.S.C. § 2517(b) which provides that payment of any such judgment and of interest thereon shall be a full discharge to the United States of all claims and demands arising out of the matters involved in the case or controversy. The second ground relied on by Judge Stewart for dismissal was collateral estoppel by virtue of the Court of Claims judgment arising because the validity and effective date of Boruski's 1951 discharge had actually been litigated and decided and could not be relitigated in this Court.

A petition for a writ of certiorari to the United States Supreme Court is pending from the decison of the Second Circuit referred to above.

At the hearing of the motions before the Court the plaintiff explained that after the Court of Claims decision in 1957 and through 1968 he was engaged in filing correspondence with the military authorities seeking restoration of his status and between 1961 and 1968 or for some substantial part of that period he attended graduate business school and was occupied and unable to address himself to his rights and interests. He followed this by petitions for a hearing to correct his military records which were rejected on the claim that no substantial new evidence in support of his claims had been presented. Correspondence and applications and petitions filed by the plaintiff proved ineffective and he was unable to obtain a hearing, being advised that there was no evidence that the Air Force officers had violated the law. He thereupon appealed to this Court for relief in the case referred to above decided by Judge Stewart. After receiving the adverse decision from Judge Stewart he sought to mandamus the judge and the government, but his application was rejected by the Court of Appeals. An application for a writ of certiorari thereon is pending in the United States Supreme Court.

The plaintiff's next move was to institute a suit against the Veterans' Administration which he filed on or about December 20, 1973, but this was dismissed by Judge Stewart before whom the case came and that dismissal is presently on appeal.

On May 13, 1974 he filed a suit against the General Accounting Office seeking declaratory judgment to the effect that he remains a regular officer in the U.S.A.F. and that as such he is entitled to back pay and allowances. This suit is before Judge Lasker and a motion is pending therein for a dismissal of the action.

The day after filing his complaint in the suit against the General Accounting Office the plaintiff filed the instant action, alleging a grand conspiracy among all the officers of the U.S.A.F. who participated in the court-martial, the members of the Air Force Board for the Correction of Military Records who denied plaintiff's petitions to "correct" his military records to reflect active duty status, all of the federal judges who rendered decisions adverse to the plaintiff, including Judge Stewart and the judges of the Court of Appeals for the Second Circuit, two attorneys of the Department of Justice in Washington and three Assistant United States Attorneys within this District who represented the position of the government in opposition to plaintiff's claims, and finally, including the United States Attorney for the Southern District of New York, who allegedly had "signed off" on the work of the Assistants in his office referred to above and failed to take action on "criminal charges" filed by the plaintiff against Judge Stewart and Assistant United States Attorney Barkan in the Civil Division of the U. S. Attorney's Office in this District. Defendant Seamans, as Secretary of the Air Force, is alleged to be a member of the conspiracy by reason of his failure to take action to have the plaintiff reinstated upon the plaintiff's direct request. The Court Clerk who en-

tered the judgment of the Court of Claims in 1957 is a defendant herein. However, there was no service on this defendant because he is deceased. While the appeal to the Second Circuit was pending, plaintiff brought another action in the Court of Claims in March of 1974 seeking to have it correct its errors of 1957 but this case was dismissed in May 1974 on grounds of res judicata and expiration of the statute of limitations. A writ of certiorari to the United States Supreme Court is pending therefrom. The Assistant Attorney Generals who briefed and argued the defense of that action and the Judges who participated in the decision are named as defendants herein.

Recently, plaintiff served "Motions for Discovery, Jury Trial and to Add Additional Defendants" in this case, which contained the names of 11 more officials alleged to be involved in the conspiracy and allegations against four of those named. These motions have not been decided.

In his pending applications to the Supreme Court plaintiff seeks additional relief in the form of writs or mandamus directing the Judges of the Second Circuit and Court of Claims, as well as Judge Stewart, to stop obstructing justice by refusing plaintiff's prayers for relief.

*28 U.S.C. § 1915(d)*

■ Under 28 U.S.C. § 1915(d), the Court may dismiss an *in forma pauperis* action "if satisfied that the action is frivolous or malicious" and such dismissal is proper even after the summons has been issued. Brown v. Schneckloth, 421 F.2d 1402 (9th Cir.), cert. denied, 400 U.S. 847, 91 S.Ct. 95, 27 L.Ed.2d 85 (1970) (Prisoner's suit).

■ A dismissal under that section is appropriate when the plaintiff is engaged in repetitive litigation concerning issues already determined, Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972), cert. denied, 410 U.S. 958, 93 S. Ct. 1431, 35 L.Ed.2d 1692 (1973), when the allegations of the complaint are be-

yond credulity, Jones v. Bales, 58 F.R.D. 453, 463–464 (N.D.Ga.1972), aff'd. 480 F.2d 805 (5th Cir. 1973), when the complaint fails to state a claim upon which relief can be granted, Argentine v. McGinnis, 311 F.Supp. 134, 138 (S.D.N.Y. 1969), or where there is little chance of success on the merits in light of the various defenses, Urbano v. Sondern, 370 F.2d 13 (2d Cir. 1966), cert. denied, 386 U.S. 1034, 87 S.Ct. 1485, 18 L.Ed.2d 596 (1967).

*Rule 8(e)(1)*

■ Rule 8(e)(1), Fed.R.Civ.P. requires a "simple, concise, and direct" pleading. A prolix, confusing, redundant, protracted pleading such as the 125 page document herein is subject to dismissal under this Rule on that ground alone. Prezzi v. Berzak, 57 F.R.D. 149 (S.D.N.Y.1972); Burton v. Peartree, 326 F.Supp. 755, 759 (E.D.Pa.1971). Even an understanding tolerance for *pro se* complaints, *see* Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), cannot save the present amended complaint from being stamped as flagrantly in violation of the Rule. There are, however, substantial infirmities in this suit which make repleading moot albeit such indulgence would be granted if there were any substantive merit to the claim.

*Rule 12(b)(6)*

■ Under the well-settled doctrine of official immunity the defendants herein are not subject to suit based on plaintiff's disapproval of their official acts. Each defendant is charged with using his power of office for the purposes for which it was vested in him; his acts were therefore privileged and immune from civil suit at the instance of a party aggrieved by those acts. Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Rudnicki v. McCormack, 210 F.Supp. 905 (D. Mass.1962), appeal dismissed, 372 U.S. 226, 83 S.Ct. 679, 9 L.Ed.2d 714 (1963); *see* Gregoire v. Biddle, 177 F.2d 579, at 581 (2nd Cir. 1949); Burton v. Pear-

**534**

tree, 326 F.Supp. 755, at 761 (E.D.Pa. 1971).

Judicial immunity for acts within the Judge's official duties clearly protects the Judges named as defendants herein and bars the plaintiff from suing them on the matters complained of herein. Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). Similarly, as this Court stated in Williams v. Halperin, 360 F.Supp. 554, at 557 (S.D. N.Y.1973) "The law in this Circuit has long shielded federal prosecutors with an absolute immunity from any damage actions based on their conduct while acting in their official capacities." See also Yaselli v. Goff, 12 F.2d 396 (2d Cir. 1926), aff'd. per curiam, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927) which dismissed a damage suit for alleged fraud in a prosecution against a Special Assistant United States Attorney General.

The remaining defendants all were officials of the Air Force when they committed the alleged conspiratorial acts. Their acts were such as were within the ambit of their positions and in discharge of their duties. Cf. Keppleman v. Upston, 84 F.Supp. 478 (N.D. Cal.1949) (suit by Air Force Sergeant for false imprisonment against Air Force officers).

Additionally, 42 U.S.C. § 1983 gives no support to the claim herein since it provides a claim for relief only against defendants who act under color of state law or custom. "The Civil Rights Act does not, however, apply to federal officers". Bivens v. Six Unknown Named Agents of the FBN, 456 F.2d 1339, at 1346 (2d Cir. 1972). "Sections 1985 and 1986 of Title 42, while providing for private suits for damages, do not allow relief against the actions of federal officers acting under color of *federal law.*" Williams v. Halperin, 360 F.Supp. 554, at 556 (S.D.N. Y.1973).

Plaintiff alleges that various defendants violated a number of federal statutes, causing injury to plaintiff. However, the statutes cited are criminal statutes pertaining to the judicial system to protect federal courts in the fulfillment of their functions; they are designed to protect the interests of the government, not those of the individual litigant per se and the Court should not consider alleged violation of such statutes [1] as evidence of a violation of a duty of care to a private complainant. A suit based on such a theory does not present a federal question which bottoms subject matter jurisdiction. 28 U. S.C. § 1331.

*Res Judicata*

The defendants correctly assert the real issue raised by the plaintiff to be whether his discharge from the Air Force in 1951 was invalid. Obviously if it was valid, plaintiff has suffered no harm. In Boruski v. U. S. Government, 493 F.2d 301 (2d Cir. 1974) the Court of Appeals considered this very question at page 304, footnote 5, noting that the ruling of the Court of Claims in 1957 was in substance and effect that the plaintiff had been honorably discharged as of August 28, 1951. 155 F.Supp. at 324. Under principles of res judicata and collateral estoppel, that determination bars any further litigation on the issue. Cf. Wolcott v. Hutchins, 245 F. Supp. 578 (S.D.N.Y.), aff'd per curiam, 365 F.2d 833 (2nd Cir. 1966).

*Statute of Limitations*

As a further bar to this suit defendants point to the expiration long ago and prior to the inception of this suit of the period of limitations within which an action might be brought under the Civil Rights Act. It has been held that the time limitation within which to commence such a suit is the period which the state would apply to a comparable action, since there is no federal

[1]. 18 U.S.C. §§ 401(3); 1001; 1505; 1506; 1621; 1622; 2071. 28 U.S.C. §§ 25 (sic); 144.

limitary period prescribed for such suits. Ortiz v. LaVallee, 442 F.2d 912 (2d Cir. 1971). That case ruled that Civil Rights Act complaints are subject to the three year statute of limitations on actions created by statute according to N.Y.C.P.L.R. § 214(2). Under N.Y. C.P.L.R. § 214(4) and (5) relief on a tort theory would also be barred. Since plaintiff has known of his alleged injury and has had the opportunity to litigate the issues presented at least from 1957, doctrines of concealment, misrepresentations and other equitable mitigation and suspension of periods of limitation do not apply. Moviecolor Limited v. Eastman Kodak Co., 288 F.2d 80 (2d Cir.), cert. denied, 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26 (1961).

*Rule12(b)(1)*

The plainly unsubstantial character of the federal question on which jurisdiction was attempted to be averred herein, because obviously without merit and because any possibility of success was foreclosed by earlier decisions, authorizes dismissal of this suit for absence of subject matter jurisdiction under 28 U. S.C. § 1343, which confers jurisdiction over Civil Rights Act suits. Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1934).

*Injunction*

Defendants request this Court to enjoin further litigation by plaintiff on similar issues, under its inherent powers and 28 U.S.C. § 1651(a), which authorizes the issuance of writs by federal courts. Defendants contend that the time has arrived for the exercise of such power with respect to this plaintiff.

 It is not uncommon for a disappointed litigant to bring a subsequent action alleging that the adverse decisions resulted from prejudice or misconduct of virtually every person in authority who functioned on his claims; and where it is apparent that the litigation is baseless the issuance of an injunction is proper. Ward v. Penna. N.Y. Central Trans. Co., 70 Civ. 5514 (S.D.N.Y. October 13, 1971) (McLean, D. J.), aff'd. 456 F.2d 1046 (2d Cir. 1972); *see also* same case, 328 F.Supp. 1245 (1971) (Gurfein, D. J.); Rudnicki v. McCormack, 210 F.Supp. 905 (D.Mass.1962) appeal dismissed, 372 U.S. 226, 83 S.Ct. 679, 9 L.Ed.2d 714 (1963). The plaintiff has demonstrated a pattern of repetitious and vexatious litigation which is likely to continue in the absence of equitable intervention albeit the issues have been heretofore resolved. It is clear that plaintiff either fails to comprehend the meaning of the doctrine of res judicata or else stubbornly refuses to abide thereby. His remedy, if any, is by timely appeals to higher courts, not repetition of the same claim in another guise in the same courts. On June 7, 1974, plaintiff filed papers with the United States Supreme Court seeking to consolidate his various appeals from decisions of the Second Circuit Court of Appeals and of the Court of Claims. Plaintiff seeks additional relief from the Supreme Court in the form of writs of mandamus directing the judges of the Second Circuit and Court of Claims, as well as Judge Stewart, to stop obstructing justice by refusing plaintiff's prayers for relief.

 Accordingly, I shall enter an order perpetually enjoining and restraining the plaintiff, Ernest F. Boruski, Jr., from instituting any further action or actions against the defendants or any of them in any court in the United States based on any matters set forth in the complaint herein for actions taken by such defendants in the course of their official duties as judge, officer, attorney or employee. This injunction is justified under the "All Writs Statute", 28 U.S.C.A. § 1651(a) to protect and effectuate the judgments of this Court.

The complaint as amended is dismissed on the merits. The motions for discovery and to add additional defendants and for producing names of witnesses and officers to take testimony and for disclosure of addresses are each dismissed.

So ordered.