Ernest F. BORUSKI, Jr.

v.

**U. S. GOVERNMENT and Secretary of the USAF John L. McLucas.**

**Civ. A. No. 75–2556–C.**

United States District Court,
D. Massachusetts.

Feb. 19, 1976.

Ernest F. Boruski, Jr., pro se.

James N. Gabriel, U. S. Atty., Marshall D. Stein, Asst. U. S. Atty., Boston, Mass., for defendant.

OPINION

CAFFREY, Chief Judge.

This is a civil action in which the plaintiff, acting *pro se,* has filed a prolix and somewhat confusing complaint 32 pages in length. The true nature of the complaint is best discoverable by an examination of the prayers for relief which include a request for a declaratory judgment that he is presently at least a Major General in the United States Air Force, that he has served continuously in the Air Force since 1943, and that he is owed back pay in the amount of approximately $600,000, less certain offsets. Plaintiff also seeks correction of various Air Force records, restoration to flying status, and other relief.

The matter came before the Court on the basis of plaintiff's motion for summary judgment and on the basis of defendants' motion to dismiss. The motion to dismiss is based on *res judicata,* lack of venue, and violation of an order entered by the United States District Court for the Southern District of New York in *Boruski v. Stewart,* 381 F.Supp. 529 (S.D.N.Y.1974). That order states:

"  .   .   . I shall enter an order perpetually enjoining and restraining the plaintiff, Ernest F. Boruski, Jr., from instituting any further action or actions against the defendants or any of them in any court in the United States based on any matters set forth in the complaint herein for actions taken by such defendants in the course of their official duties as judge, officer, attorney or employee. This injunction is justified under the 'All Writs Statute,' 28 U.S.C.A. § 1651(a) to protect and effectuate the judgments of this Court." 381 F.Supp. at 535.

The matter was briefed and argued by the parties and after hearing I rule as follows:

The opinions in *Boruski v. United States, et al.,* 493 F.2d 301 (2 Cir. 1974), *cert. den.,* 419 U.S. 808, 95 S.Ct. 20, 42 L.Ed.2d 34

(1974), *Boruski v. Stewart,* 381 F.Supp. 529 (S.D.N.Y.1974), and *Boruski v. United States,* Civil Action 74–1475 (D.D.C.1975), clearly establish that plaintiff has sought essentially the same relief which he seeks herein in each of those cases, and that each of those cases has terminated with results which were not completely satisfactory or acceptable to plaintiff, as appears from the opinion of the Court of Appeals for the Second Circuit, 493 F.2d 301, at 303:

> "Appellant [petitioner here], an Army Air Force lieutenant, was court-martialed and sentenced to dismissal from the service as of July 23, 1945, as the result of a September 23, 1944 flying accident in which a passenger was killed. This court martial was subsequently reviewed by the Judge Advocate General, who found that an injustice had been done to appellant. Accordingly, on August 28, 1951 the sentence of dismissal was vacated and replaced by an administrative discharge, honorable in nature, pursuant to 50 U.S.C. § 740 under the decision of the Judge Advocate General.
>
> "The honorable discharge, however, bore the date of the earlier dismissal, July 23, 1945, rather than that of the decision of the Judge Advocate General, August 28, 1951. Subsequently, after unsuccessful administrative proceedings, appellant brought an action in the Court of Claims. This culminated in the favorable judgment and award. While rejecting his claims for advancement in rank and flight pay, the court held that his discharge should have been made effective as of August 28, 1951, and awarded back pay from July 23, 1945, to that date. See *Boruski v. United States,* 140 Ct.Cl. 1, 155 F.Supp. 320 at 324. The judgment for back pay was paid in full by the General Accounting Office in 1958.
>
> "It was not until August 29, 1969, that appellant did anything formally to indicate his dissatisfaction with the favorable result he had secured from the Court of Claims. In 1969 he filed a claim with AFBCMR, arguing that his discharge was illegal, that he should not have been discharged at all and that he was therefore entitled to full status including promotions and back pay to date. He accompanied this petition with an application for a correction of his military records. After reapplying for this relief on May 3, 1970, and revising his application as of December 20, 1970, AFBCMR denied his applications. Appellant then brought the suit below."

It is clear from the above opinions that the Court of Appeals for the Second Circuit and the district court for the Southern District of New York both have already ruled in essence that the claim plaintiff seeks to advance herein is barred by 28 U.S.C. § 2517, which provides:

> "Payment of any such judgment [of the Court of Claims] and of interest thereon shall be a full discharge to the United States of all claims and demands arising out of the matters involved in the case or controversy,"

and by 28 U.S.C. § 2519, which provides:

> "A final judgment of the Court of Claims against any plaintiff shall forever bar any further claim, suit or demand against the United States arising out of the matters involved in the case or controversy."

In *Boruski v. Stewart, supra,* plaintiff attempted to somewhat vary the nature of his complaint by alleging a vaguely defined conspiracy among Air Force officials, United States Attorneys, and federal judges. The conspiracy was alleged to produce the same ill effects to plaintiff that he complained of in the earlier case. Despite the facial changes in *Boruski v. Stewart,* Judge Pollack characterized the complaint as follows:

> "The defendants correctly assert the real issue raised by the plaintiff to be whether his discharge from the Air Force in 1951 was invalid." 381 F.Supp. at 534.

Judge Pollack then proceeded to make the determination that further litigation of this claim by plaintiff was precluded under the principles of *res judicata* and collateral estoppel. 381 F.Supp. at 534.

Most recently, in *Boruski v. United States Government,* et al., Civil Action No. 74–

1475 (D.D.C.1975), Judge Parker dismissed plaintiff's complaint on the grounds of *res judicata,* failure to comply with Rule 8, F.R.Civ.P., the statute of limitations, and the fact that the suit was "malicious, oppressive, repetitious and vexatious."

Without further elaborating this opinion, I rule that although a different individual is presently Secretary of the Air Force, the instant case, despite cosmetic changes, is yet another attempt by plaintiff to litigate the issues foreclosed in the cases cited above, and that, specifically, his attempt to do so is precluded on the grounds of both *res judicata* and collateral estoppel.

As a separate and second ground for dismissal I rule that this case may not be filed in the District of Massachusetts because of the lack of venue. The cause of action did not arise in Massachusetts, the plaintiff does not reside in Massachusetts, no Massachusetts real property is involved, and no alleged act of omission on the part of defendants occurred in Massachusetts. Accordingly, I rule that this case should be dismissed for lack of venue under 28 U.S.C. § 1402 or 28 U.S.C. § 1391.

As a third separate ground for dismissal I rule that this action is barred by Judge Pollack's perpetual injunction, which was intended to prevent plaintiff relitigating his claimed status as a member of the Air Force with either the United States, the incumbent Secretary of the Air Force, or any responsible official of that agency. Consequently, this action should not be allowed to proceed.

Lastly, I rule that this case falls within Judge Parker's characterization of the case before him as being "malicious, oppressive, repetitious and vexatious," for which additional reason the case should be dismissed.

Order accordingly.