**Ned SEARIGHT, Plaintiff,**

v.

**STATE OF NEW JERSEY, Defendant.**

Civil No. 76–262.

United States District Court,
D. New Jersey.

May 6, 1976.

Ned Searight, pro se.

Max H. Schloff, Deputy Atty. Gen., William F. Hyland, Atty. Gen., Trenton, N.J., for defendant.

**414**

## OPINION

BIUNNO, District Judge.

The complaint says that in October, 1962, Searight was taken to the Eye, Ear and Speech Clinic in Newark, while in custody, and that the State of New Jersey there unlawfully injected him in the left eye with a radium electric beam. As a result, he claims that someone now talks to him on the inside of his brain. He asks money damages of $12. million.

The State has moved to dismiss for failure to state a claim, F.R.Civ.P. 12(b)(6), on the ground that it appears from the face of the complaint that the claim, if otherwise valid, is barred by the statute of limitations.

Ordinarily, that bar is a matter to be pleaded as a separate defense, but when the essential facts appear on the face of the pleading, it may be raised by motion as a matter of law as though by demurrer.

The incident is said to have happened in October, 1962, and the complaint was filed in February, 1976. Absent an Act of Congress (there is none), the *lex loci* governs. See, *Butler v. Sinn,* 423 F.2d 1116 (C.A.–3, 1970); *Henig v. Ororioso,* 385 F.2d 491 (C.A.–3, 1967); *Hughes v. Smith,* 264 F.Supp. 767 (D.N.J.1967), *aff'd,* 389 F.2d 42 (C.A.–3, 1967). The applicable New Jersey statute allows 2 years after the cause of action accrues to file suit. N.J.S.A. 2A:14–2. Thus, suit was filed here more than 13 years after the statute had run out.

There is clear ground for dismissal. Yet, because Searight sues *pro se,* the court ordinarily would direct that judgment of dismissal not be entered within a period of perhaps a month, during which he would be allowed leave to file an amended complaint that surmounts the bar, if he can.

But in this case, the court observes that for other considerations, equally obvious, it lacks jurisdiction to entertain the claim, and so may also dismiss for that reason, F.R.Civ.P. 12(h)(3).

Searight is a citizen of New Jersey, suing his own State; thus there is no diversity jurisdiction under 28 U.S.C. § 1332, and no suggestion of a federal question appears under 28 U.S.C. § 1331. At the founding of the nation, there was no question that a citizen of New Jersey could not sue that State anywhere because of the doctrine of sovereign immunity. In *Chisholm v. Georgia,* 2 Dall. 419, 1 L.Ed. 440 (1793), it was ruled that a State could be sued in the courts of the United States, by a citizen of another State or of a foreign country. At the first meeting of Congress after that decision, Amendment XI was proposed, almost unanimously, and thereafter adopted. *Cohens v. Virginia,* 6 Wheat. 264, at 406, 5 L.Ed. 257, at 291 (1821); and, see also, *Hans v. Louisiana,* 134 U.S. 1, at 11, 33 L.Ed. 842, at 846 (1890).

May the claim be viewed as coming within the civil rights law, 42 U.S.C. § 1983, etc.? Aside from the bar of the statute of limitations, it is clear that it may not. Ordinary tort claims, though cast in terms of civil rights claims, but which do not rise to constitutional levels, are not within the jurisdiction of the district courts. *Urbano v. Sondern,* 41 F.R.D. 355 (D.C.Conn., 1966), *aff'd,* 370 F.2d 13, at 14 (C.A.–2, 1967), *cert. den.,* 386 U.S. 1034, 87 S.Ct. 1485, 18 L.Ed.2d 596 [libel action by prisoner]; *Simmons v. Maslysnky,* 45 F.R.D. 127 (D.C.Pa., 1968) [claim of stabbing by a fellow prisoner with no element of acting under color of state law]; and, see *Smith v. Spina,* 477 F.2d 1140 (C.A.–3, 1973), but, cf. *Scott v. Plante,* 532 F.2d 939 (C.A.–3, 1976).

The allegations, of course, are of facts which, if they exist, are not yet known to man. Just as Mr. Houdini has so far failed to establish communication from the spirit world (See E. L. Doctorow, "Ragtime", pp. 166–169, Random House, 1974), so the decades of scientific experiments and statistical analysis have failed to establish the existence of "extrasensory perception" (ESP). But, taking the facts as pleaded, and assuming them to be true, they show a case of presumably unlicensed radio communication, a matter which comes within the sole jurisdiction of the Federal Communications Commission, 47 U.S.C. § 151, *et seq.* And even aside from that, Searight

could have blocked the broadcast to the antenna in his brain simply by grounding it. See, for example, *Ghirardi,* "Modern Radio Servicing", First Edition, p. 572, ff. (Radio & Technical Publishing Co., New York, 1935). Just as delivery trucks for oil and gasoline are "grounded" against the accumulation of charges of static electricity, so on the same principle Searight might have pinned to the back of a trouser leg a short chain of paper clips so that the end would touch the ground and prevent anyone from talking to him inside his brain.

But these interesting aspects need not be decided here. It is enough that the bar of the statute of limitations clearly appears from the face of the complaint and, independently thereof, that the court lacks jurisdiction. The complaint will be dismissed with prejudice.