Herman Max RUTH, Plaintiff,

v.

CONGRESS OF the UNITED STATES, WASHINGTON, D. C., et al., Defendants.

Civ. A. No. 76–1553.

United States District Court, D. New Jersey.

Aug. 6, 1976.

Herman Max Ruth, pro se.

OPINION

BIUNNO, District Judge.

Herman Max Ruth has submitted a civil complaint along with an application to proceed *in forma pauperis,* 28 U.S.C. § 1915. The court is satisfied of his financial inabili-

ty to pay filing fees,[1] and a separate order to that end has been entered.

The caption names the "Congress of the United States, et al." as defendants; the body indicates that the defendants are the "Congress and Senate [sic] of the United States in its entirety".

Jurisdiction is claimed under 28 U.S.C. § 1651 et seq. (these sections confer no jurisdiction but are miscellaneous general provisions only), and an injunction is sought by a three Judge court under 28 U.S.C. § 2282 and § 2284, as well as a declaratory judgment under 28 U.S.C. § 2201 and § 2202.

The complaint challenges the constitutionality of a number of specific statutes dealing with the salaries, travel expenses, retirement pay, survivors' benefits and the like of the district judges of the U.S. District Courts, of the U.S. Attorneys and assistants, of the U.S. Magistrates, of court criers and bailiffs and of the director of the Administrative Office.[2] No challenge is made of statutes establishing the compensation of judges of the courts of appeal, of the justices and Chief Justice of the Supreme Court of the United States, or of members of the House of Representatives and of the Senate.[3]

Ruth is presently an inmate of the federal penitentiary in Atlanta, where he is serving a sentence.[4] He claims to have been unjustly tried and convicted in both federal and State courts because the charges

1. If Ruth's suit against the bank which was used by him in his wire fraud operations had been successful, he would have recovered a judgment for nearly $2. million, and so would not be eligible to file this suit *in forma pauperis*. That suit, however, was dismissed as frivolous, *Ruth v. First National Bank of New Jersey*, 410 F.Supp. 1233 (D.C.N.J., 1976)

2. These include the following statutes, a number of which are obviously irrelevant to the claim made:

| | |
|---|---|
| 28 U.S.C. § 135 | salaries of district judges |
| 28 U.S.C. § 136 | designation of chief judge |
| 28 U.S.C. § 372 | retirement for disability |
| 28 U.S.C. § 373 | same, for territories and possessions |
| 28 U.S.C. § 375 | annuities to widows of justices, Supreme Court only |
| 28 U.S.C. § 376 | elective annuities to widows and dependent children of justices and judges |
| 28 U.S.C. § 453 | oath of office |
| 28 U.S.C. § 456 | travel expense |
| 28 U.S.C. § 515 | authority for proceedings, attorney-general, assistants and special appointees |
| 28 U.S.C. § 548 | salary of U. S. attorney and assistants |
| 28 U.S.C. § 567 | expenses of U. S. Marshal |
| 28 U.S.C. § 571 | disbursement by U. S. Marshal of salaries and expense of U. S. attorney, assistants, circuit and district judges |
| 28 U.S.C. § 603 | salary of director of Administrative Office |
| 28 U.S.C. § 604 | duties of Administrative Director |
| 28 U.S.C. § 634 | salaries of magistrates |
| 28 U.S.C. § 755 | compensation of criers and bailiffs |

3. Ruth does not mention 28 U.S.C. § 5, which sets the salaries of justices of the Supreme Court, or 28 U.S.C. § 44, for circuit court judges, among others, such as 2 U.S.C. § 31, establishing the salaries of members of Congress, but see footnote 5.

4. Ruth's record shows a number of federal and state convictions, as follows (arranged by date of sentence):

| | |
|---|---|
| 5/12/61 | Possession of goods taken in interstate commerce, U.S.Dist. Ct., (NJ) 3 years' imprisonment; |
| 6/1/65 | Grand larceny—County Court, Bronx, N. Y., 1 to 2 years imprisonment, consecutive; |
| 9/8/65 | Carrying concealed weapon— Passaic, N. J. county court, 1 to 2 years in State Prison; |
| 4/15/66 | Interstate transportation of stolen car, U.S.Dist.Ct. NJ, 2 years imprisonment consecutive to state sentence; |
| 4/22/66 | Possession of car with altered serial number—Union County NJ court, 1 to 2 years concurrent with 4/15/66 sentence; |
| 1/5/71 | Bail jumping. U.S.Dist.Ct., NJ, 18 months imprisonment; |
| 5/18/73 | Possession of goods stolen from interstate shipment, |

against him were processed and tried by the court and staff in an extremely rapid manner, failing to consider all issues, due to the fact that the court "was overworked and under paid."

This effect is claimed to be the consequence of a failure to increase judicial compensation in the past 7 years despite an enormous increase in the cost of living and an increase in the case load and back log. It is also claimed to be due to the fact that provisions for pension, retirement and benefits for widows and children are inadequate.

Ruth claims to have no plain, adequate or complete remedy at law to redress these wrongs, and that he has been and will be irreparably damaged unless the challenged statutes are declared unconstitutional and unless an immediate pay increase, and an increase in the size of the courts' staff, is allowed.

█ Careful analysis of Ruth's complaint discloses that it cannot be interpreted in any rational way except to conclude that it is frivolous, and hence subject to dismissal in accordance with 28 U.S.C. § 1915(d).

Ruth's tender solicitude for the financial support of federal judges is at least misguided, if not devious. It may be that, in his experience, which includes a nearly successful wire fraud of $2. million, the compensation paid to federal judges looks like small potatoes. But his remedy, which is to have declared unconstitutional the statutes which set that compensation[5] would result in the payment of no compensation at all.

Despite some misleading precedent to the contrary,[6] the U.S. Constitution still provides that:

"No money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law . . .", Art. I, sec. IX, cl. 7.

The substance of Ruth's claim is that because judicial compensation is too low, the judges lack time to give mature and careful deliberation to the matters that come before them. Without expressing any opinion on the point, this is a unique syllogism in which both the premise and the conclusion could be true but the connection between them is faulty because of the absence of a major premise, whose tenor would be that the time spent by a judge on each matter bears a direct relation to his compensation.

█ Not only is such a premise false, but the compensation and the time spent are unrelated. It cannot even be argued that there is a direct relation between the importance, in the abstract sense, of the matter and the time spent, because the fact is that

|  |  |
|---|---|
|  | U.S.Dist.Ct. NJ, 6.5 years imprisonment; |
| 5/18/73 | Conspiracy (gambling), U.S. Dist.Ct. NJ, 2 years probation following sentence of 5/18/73; |
| 1/29/74 | Possession of stolen property— Hunterdon County, N.J. court, 1 to 2 years consecutive to sentence of 5/18/73; |
| 6/7/74 | Conspiracy and possession of goods stolen from interstate shipment, U.S.Dist.Ct. NJ, Count 1, 5 years consecutive to sentence of 5/18/73; Count 3, 5 years consecutive to count 1; Counts 2, 4, 5, 6, 5 years concurrent; |
| 12/13/74 | Conspiracy and wire fraud U.S.Dist.Ct. NJ, |

Count 1, 3.5 years consecutive to sentence of 6/7/74;

Count 2, 5 years consecutive to count 1, execution of term sentence suspended and 5 years probation to follow completion of count 1.

The court does not pause to pick out of this string the particular sentence now being served.

5. Actually, the salaries of the federal judiciary are not set by the statutes that Ruth challenges, but by 2 U.S.C. § 351 et seq., and the machinery there created, which has only functioned on a single occasion.

6. See, for example, *Robinson v. Cahill,* 70 N.J. 155, 358 A.2d 457, dissent of Mr. Justice Mountain, 70 N.J. at 161, 358 A.2d 457 et seq. (1976).

judges proportionately devote more time to the disposition of unfounded claims, worthless defenses and frivolous actions than they do to other kinds. And see, e. g., *Scott v. Plante,* 532 F.2d 939 (C.A.3, 1976).

This phenomenal paradox is the result of the prevalent popular notion that the judiciary exists to solve all problems, including finding ways to get out of jail after a string of guilty pleas or convictions by a jury affirmed on appeal, simply because it is nicer to be out of jail than in.

Actually, if the Congress is to be criticized, a much stronger case could be made with an attack on the variety of statutes whose provisions clog the courts and destroy any semblance of calendar control. Among these are those providing for diversity jurisdiction, 28 U.S.C. § 1332, the unmanageable monstrosity known as the three-judge court, 28 U.S.C. §§ 2281–2284, and the string of basically local offenses that come within federal jurisdiction because something moved across a state line, or was mailed, no matter how small or trivial. Another factor, directly related to diversity jurisdiction, is the persistence of Congress in setting the filing fee for civil actions at $15. when state court filing fees are considerably higher. This disparity, in the light of inflation, draws to the federal courts like a magnet cases in which the amount involved is far below the jurisdictional minimum. It is true that many do settle out for nominal sums, or get dismissed for lack of jurisdiction after the statute of limitations has run, but their very existence consumes judicial time which should not have had to be expended at all.

The judiciary is also understaffed. Each district judge may appoint one secretary, a crier-law clerk and a law clerk, for a total staff of three. In contrast, it is said that members of the Congress are authorized to have a staff as large as 16, with authority to set the salary of some as high as that of a U.S. Magistrate (more than double that of any member of a judicial staff). In this district, two secretaries and three law clerks are a rock-bottom minimum if the output is to match input.

But, even if Ruth had set out all these matters in their proper perspective, his action would still be frivolous. If his object is to establish a basis for getting out of jail because the judge was too busy to listen to him, the records of the court will disclose the extent of the considerable time expended on his cases.

The term "frivolous" as used in 28 U.S.C. § 1915(d) has never been comprehensively defined. At the common law, the term referred to a claim or defense so palpably lacking in legal support as to require no argument or presentation. A better definition in the modern context, judging from the array of such actions, is that "frivolous" is essentially equivalent to "ridiculous".[7]

---

7. In considering whether to dismiss a complaint as frivolous under 28 U.S.C. § 1915(d), it has been held that the district courts have especially broad discretion, *Daves v. Scranton,* 66 F.R.D. 5 (D.C.Pa.1975); and see *Conway v. Fugge,* 439 F.2d 1397 (C.A.9, 1971). Neither the Supreme Court nor the Court of Appeals in this Circuit seems to have undertaken any definition.

    Illustrative examples of frivolous cases are:
    1. The claim is repetitive litigation on issues already determined, *Boruski v. Stewart,* 381 F.Supp. 529 (D.C.N.Y., 1974).
    2. The allegations strain credulity or are beyond credulity. *Simmons v. Maslysnky,* 45 F.R.D. 127 (D.C.Pa., 1968); *Boruski, supra.*
    3. Failure to state a claim, *Boruski, supra.*
    4. Little chance of success, or no likelihood that plaintiff will prevail on merits, or realistic chances of ultimate success are slight, in view of nature of claim or of defenses available, *Boruski, supra; Samurine v. U. S.,* 287 F.Supp. 913 (D.C.Conn., 1967), aff'd. 399 F.2d 160 (C.A.2, 1968); *Simmons, supra.*

    To these illustrations may be added others that are obvious:
    5. Claims cast as civil rights claims which do not come within 42 U.S.C. § 1983, etc., and over which the statutory jurisdiction of the district courts do not extend, *Urbano v. Sondern,* 41 F.R.D. 355 (D.C.Conn., 1966), aff'd, 370 F.2d 13 (C.A.2, 1966), cert. den. 386 U.S. 1034, 87 S.Ct. 1485, 18 L.Ed.2d 596; and see *Smith v. Spina,* 477 F.2d 1140 (C.A.3, 1973).
    6. Absence of jurisdiction, F.R.Civ.P. 12(h)(3). A comprehensive list here is difficult. Examples include suits against States, barred by *U.S.Const., Amend. XI;* lack of diversity jurisdiction under 28 U.S.C. § 1332; lack of a federal question under 28 U.S.C. § 1331, and others.

F.R.Civ.P. 12 has no relation to this subject. That rule has to do with the legal insufficiency of claims that present some semblance of rational grounds, and that call for sophisticated professional evaluation worthy of the question.

Herman Max Ruth may have been a namesake of the Sultan of Swat, but in this case, as in his criminal cases, he has struck out.

The clerk will file the proferred complaint, and the complaint will be dismissed as frivolous as authorized by Congress in 28 U.S.C. § 1915(d). F.R.Civ.P. 12 is not applicable and is not the ground for this ruling. Being frivolous, no three-judge court need be convened to compound the frivolity.[8]

SO ORDERED.

---

7. Exclusive jurisdiction in a statutory administrative agency of the executive Branch, where the court's function, if any, is usually one of review as on the common law writ of certiorari, after exhaustion of the administrative remedy.

8. Obvious failure by claimant to forestall, or minimize damages, *Searight v. New Jersey,* 412 F.Supp. 413 (D.C.N.J., 1976).

9. Sovereign immunity, or the making of a claim beyond the limits of a consent statute such as a tort claims law, e. g., N.J.S.A. 59:1–1, et seq.

8. Obviously, Ruth can expect to serve a number of years in custody. The generous expansion of free time in penal institutions, including the federal prison in Atlanta, provides ample time for working up frivolous complaints, "For Satan finds some mischief still for idle hands to do." Isaac Watts, *Against Idleness.* "The Home Book of Quotations," p. 954 (Dodd, Mead & Co., New York, 1947).