**Milton A. CALESNICK and Eleanor J. Calesnick, h/w**

v.

**REDEVELOPMENT AUTHORITY OF the CITY OF PHILADELPHIA and Superior Court of Pennsylvania.**

**Civ. A. No. 88–1448.**

United States District Court, E.D. Pennsylvania.

Sept. 28, 1988.

Milton A. Calesnick and Eleanor J. Calesnick, pro se.

Nancey E. Gilberg, Philadelphia, Pa., for Superior Court.

Mark C. Rifkin, Philadelphia, Pa., for Redevelopment Authority.

## MEMORANDUM

O'NEILL, District Judge.

In this action, plaintiffs, appearing pro se, assert that they have been wrongfully deprived by defendant Redevelopment Authority of title to a house and lots located at 130–132 Delancey Street, Philadelphia, and of certain building materials and construction equipment which were located at that address. They also contend that defendant Superior Court of Pennsylvania failed to review adequately and properly the issues presented in an appeal of an earlier state court proceeding involving the same properties to which they and the Authority were parties. Defendants' actions are alleged to constitute a violation of the due process and equal protection clauses of the Fourteenth Amendment.

Precisely the same allegations were set forth by plaintiffs in previous actions in this Court against the Redevelopment Authority and the Superior Court as well as other defendants. *Milton A. Calesnick and Eleanor J. Calesnick v. Redevelopment Authority of the City of Philadelphia, et al.*, Civil Action No. 83–0498 (E.D.Pa. July 25, 1985), *aff'd*, 810 F.2d 1162 (3d Cir.1987); *Milton A. Calesnick and Eleanor J. Calesnick v. Commonwealth of Pennsylvania, Superior Court of Pennsylvania and Supreme Court of Pennsylvania*, Civil Action No. 85–1381 (E.D.Pa. June 18, 1985).

In his exhaustive (57 pages) opinion in the *Redevelopment Authority* case, my colleague Judge Pollak concluded that all of plaintiffs' claims were barred by final judgments adverse to plaintiffs rendered in various actions in the Pennsylvania courts in the years 1970 to 1984. Reference is made to his opinion for a description of the state court litigation. In the *Commonwealth of Pennsylvania* action, which attacked the state court judgments, Judge Pollak held that the alleged conduct of the Superior Court did not violate rights protected by the U.S. Constitution.

Since plaintiffs' claims have been the subject of final adjudication by Judge Pollak, the doctrine of *res judicata* bars this action. I turn now to defendants' motion for an injunction under the All Writs Act and the Authority's motion under Rule 11.

When I first met with plaintiffs and counsel, I supplied plaintiffs with a copy of Rule 11 and explained its meaning to them. I stated that if the action were withdrawn with prejudice within the three week period fixed for the filing of their briefs in opposition to defendants' motions, the provisions of Rule 11 would not be invoked; but that if the action proceeded and were shown to be the same claim as had been presented to Judge Pollak a Rule 11 sanction consisting of attorneys fees would be imposed. The action was not discontinued within that period.

By Orders of May 17 and May 18, 1988, I granted the Superior Court's motion to dis-

miss and the Redevelopment Authority's motion for summary judgment. By Order of May 24, 1988, these Orders were vacated solely in order to provide a hearing on the motions (filed prior to the Orders) for an injunction and for sanctions under Rule 11. On June 1, 1988, I denied plaintiffs' motion for a three-week continuance of the hearing date which they sought in order to prepare and file a motion for change of venue to Washington, D.C. On June 3, 1988, plaintiffs filed a discontinuance which did not state that it was with prejudice. I denied their motion to discontinue the action.

At the scheduled hearing, on June 13, counsel for defendants appeared but plaintiffs did not. I rescheduled the hearing for June 21, 1988. At that time, all parties participated in an evidentiary hearing on the motions. Both plaintiffs were examined by counsel for the Authority. Mrs. Calesnick stated that she did not intend to institute future legal action with respect to the properties involved herein; Mr. Calesnick, however, would not agree to so refrain. He stated that he would continue to take any action he deemed appropriate to protect his property and his rights.

■ After hearing, oral arguments and review of the briefs, and particularly after observing and listening to the oral presentations and testimony of Mr. Calesnick, I am convinced that nothing short of an injunction will prevent him from continuing to litigate the claims asserted in this action. In my view he is unwilling or unable to understand that the adverse final judgments which have been rendered in the state courts and in this Court preclude further litigation of his claims with respect to the Delancey Street properties. He will continue to sue, asserting the error of the most recent adverse decision.[1]

Plaintiffs' activities in the state courts subsequent to July 25, 1985, the date of Judge Pollak's opinion in the *Redevelopment Authority* case, further demonstrate the necessity for an injunction. Later that year, the Calesnicks commenced yet another action against the Redevelopment Authority, this one in the Superior Court, captioned *Calesnick v. Redevelopment Authority of the City of Philadelphia, et al.*, October Term, 1985, No. 3955, in which they again attacked the state court judgments. This action was dismissed on grounds of *res judicata* and collateral estoppel. In 1986, the Calesnicks sought leave to file original process in the Supreme Court of Pennsylvania to make a collateral attack on the Order of the Superior Court entered on July 22, 1983. The Court denied that request.

■ Authority to enjoin the plaintiffs from further litigation stems from the All Writs Act, 28 U.S.C. § 1651, which confers broad power on federal courts to control litigation and protect their jurisdiction:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a) (1985). This Court previously has interpreted the Act to provide authority for granting injunctions "where such action is necessary to prevent harassment of individuals and government officials through the repeated filing of baseless complaints." *Adams v. American Bar Association et al.*, 400 F.Supp. 219, 227 (E.D.Pa.1975). *See also Castro v. United States*, 584 F.Supp. 252, 264 (D.P.

1. For example, paragraphs 14 and 15 of present complaint aver (with respect to Judge Pollak):

"14. In a related action before the District Court For the Eastern District of Pennsylvania between these litigants, the Court accepted and utilized the Judgment and findings of the said Superior Court despite detailed explanations that the Judgment of the Superior Court was worthless and judicially sterile—having been developed through a constructive fraud by That Court itself.

15. In view of the distorted justice in the State Courts and the local Federal District Court, as a result of the unlawful intrusion and influence exerted by the Executives of the Redevelopment Authority and of other politically influential individuals such as Judge James C. Crumlish, Jr., this Complaint will be followed by a Petition For Removal to the Federal District Court in Washington, D.C. in an effort to eliminate violations of Constitutional Rights and to free the Court from political pressures—thereby permitting the issues and facts to finally receive a fair and honest judicial review."

R.1984) ("Federal courts have the inherent power to enjoin litigants who use the courts as a stage for a personal vendetta of harassment or abuse.") Thus, when, as in the present case, "it is apparent that the litigation is baseless the issuance of an injunction is proper." *Adams*, 400 F.Supp. at 228 (quoting *Boruski v. Stewart*, 381 F.Supp. 529 (S.D.N.Y.1974)).

■ Judicial resources are not infinite and plaintiffs' baseless litigation inevitably has postponed the resolution of claims of other litigants who as yet have had no day in Court. Therefore, I also find that a Rule 11 sanction in the form of an award of attorneys fees is both justified and necessary to penalize plaintiffs for their conduct in beginning and pursuing this action. The amount claimed by the Authority[2] is fair and reasonable and represents the fees and expenses actually incurred by it; the number of hours spent in defense also was reasonable. I will not attempt to impose an additional sanction to penalize plaintiffs for the substantial expenditure of judicial resources in this action and in the prior two federal actions; however that factor provides additional justification for the payment of attorneys fees that I am requiring. Plaintiffs have not challenged the amount of the requested award and have not asserted that payment thereof is beyond their means.

I have tried to dispose of this action without granting an injunction or issuing sanctions. At the first meeting, I urged plaintiffs to retain counsel and took the other actions described herein (pp. 1054–55). At the most recent hearing, with the consent of defendants, I talked privately but on the record to plaintiffs in an unsuccessful attempt to get them to discontinue the action. At the same hearing, Mr. Calesnick was given the opportunity to affirm that he would bring no additional actions but he declined to do so. I believe I have no course open to me except to issue an injunction and to impose a financial sanction. In my view, both are necessary to prevent future suits; and the award of attorneys fees is necessary to remedy the flagrant violation of Rule 11.

**ORDER**

AND NOW, this 28th day of Sept., 1988, it is hereby ORDERED as follows:

1. Defendants' motions to dismiss and for summary judgment are granted. The action against the Superior Court of Pennsylvania is dismissed with prejudice. Judgment is entered in favor of the Redevelopment Authority of the City of Philadelphia and against plaintiffs.

2. The Authority's motion for a protective order is denied as moot.

3. Plaintiffs will pay the sum of $8,102.44 to the Redevelopment Authority of the City of Philadelphia.

4. For the reasons stated in the accompanying memorandum, plaintiff Milton A. Calesnick is permanently enjoined from filing any new action or proceeding in any court, state or federal, against any person, court, authority or any other entity in any way involved in the purchase, sale, or development of the real property at 130–132 Delancey Street, Philadelphia, Pennsylvania, or in the disposition of the personal property which was located at that address.

---

**2.** The Superior Court has not requested an award of fees.