HERMAN W. FISCHER, PLAINTIFF-RESPONDENT, v. TOWNSHIP OF BEDMINSTER, IN THE COUNTY OF SOMERSET, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Argued October 9, 1950—Decided November 20, 1950.

*Mr. T. Girard Wharton* argued the cause for appellant (*Mr. Leon Gerofsky* and *Messrs. Wharton, Hall & Stewart,* attorneys).

*Mr. Edward Sachar* argued the cause for respondent.

The opinion of the court was delivered by

HEHER, J. By an ordinance adopted December 30, 1946, and amended November 17, 1947, the defendant municipality was zoned for business and residential uses in the purported exercise of the power granted by *R. S.* 40:55–30, *et seq.* Two residence zones, "A" and "B," are therein delineated. Article VII of the ordinance provides that no dwelling shall be erected in the Residence "A" zone on a plot less than a half acre in area, or in the Residence "B" zone on a plot of less than five acres. At the time of the adoption of the ordinance, plaintiff's mother, Emilie B. Fischer, was the owner of a tract of land in the township comprising 24 acres, situate in substantial part in both residence zones. She petitioned the local governing body for an amendment of the ordinance to enlarge the Residence "A" zone so as to include the whole of her tract. The petition was denied March 25, 1949, and the petitioner was so advised on April 1st ensuing. On July 21st following plaintiff applied to the local building inspector for a permit to erect a dwelling on a plot 200 ft. x 145 ft., a part of his mother's lands situate in the Residence "B" zone, on the northerly side of Burnt Mills-Pluckemin Road. The request was denied. The building inspector deposed that the application was made in writing, and that the writing was returned to the applicant upon the denial of the application; plaintiff said he made only an "informal request" for leave to build. On September 8, 1949, Emilie conveyed to plaintiff the plot made the subject of that application; and on September 15th ensuing plaintiff brought this proceeding in lieu of *certiorari* for an adjudication that the cited provision of Article VII of the zoning ordinance, barring the erection of a dwelling in the Residence "B" zone on a plot in area less than five acres, is arbitrary and unreasonable and therefore not a valid exercise of the zoning power. The township's motion for a dismissal of the complaint and for summary judgment for want of jurisdiction of the subject matter was denied. Its alternative motion for an order directing "a more definite statement of facts" upon which the claim of unconstitutionality is based was granted. Defendant's appeal to

the Appellate Division of the Superior Court was, before hearing, certified here on our own motion.

Want of jurisdiction of the subject matter is asserted; and the judgment, although interlocutory, is appealable before final judgment under *Rule* 4:2–2(c).

It is said that Emilie had lost the right to challenge the constitutional sufficiency of the ordinance, and that plaintiff "could stand in no better position than his predecessor in title." The reasoning is that under *Ch.* 381 of the *Session Laws of* 1948, effective September 15th of that year (*P. L. p.* 1562, *N. J. S. A.* 2:80–7), it is a jurisdictional *sine qua non* that such an attack upon the ordinance be instituted by action within thirty days after the accrual of the right, and that Emilie's right to maintain the action had expired October 15, 1945, thirty days after the enactment of the limitation. The argument presupposes that inaction by the landowner for thirty days after the statute by its terms had become operative served to bar an action for the vindication of his fundamental right of property invaded by the pre-existing ordinance, even though there was no occasion for the exercise of the right of user thus curtailed in violation of the organic law and the ordinance had not been invoked to materialize the potential threat to his right of property. Yet where there is a valid exercise of the zoning power, there is a continuing right to a variance if the strict application of the regulation would work hardship in the individual case. *Ch.* 305 of the *Session Laws of* 1948; *P. L., p.* 1221; *N. J. S. A.* 40:55–39. It is also contended, in the alternative, that if plaintiff "was not barred by the failure of his predecessor in title to take action," his right to challenge the constitutionality of the ordinance, as applied to the particular plot, "had accrued as early as July 21, 1949," when he "asserted a property interest" in the plot "by filing an application for a building permit, which was rejected on August 5, 1949," and was barred for failure of action within the appointed period of limitation.

The statute of limitation is without efficacy. It purports to bar the "review, hearing and relief" in lieu of the common-law prerogative writs afforded by Article VI, Section V, para-

graph 4 of the Constitution of 1947, unless the proceeding to that end shall be commenced within thirty days "of the accrual of the right to such review, hearing or relief," save as provided "in any other law or by Rules of the Supreme Court." By the cited article of the Constitution of 1947, prerogative writs are superseded; "and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, except in criminal causes where such review shall be discretionary."

Thus, the jurisdiction conferred on the newly-organized Superior Court is to afford a review, hearing and relief in proceedings in lieu of the prerogative writs, as of right in civil cases, in such manner and on such terms as the Supreme Court may by rule prescribe. The regulation of the remedies so provided is the exclusive province of the Supreme Court; the regulative power is not made subject to legislative action. The qualifying phrase "subject to law" in the general grant of the rule-making power contained in Article VI, Section II, paragraph 3 of the Constitution is not to be found here. This court has determined that the qualification "implies a limitation rather than a grant of power," and has reference to substantive law and not to legislative action. *Winberry v. Salisbury*, 5 *N. J.* 240 (1950).

The constitutional design is the provision of proceedings in lieu of the prerogative writs regulated by rule of the Supreme Court, wholly without legislative superintendence. Such is the letter and the spirit of the constitutional grant of power to regulate the newly-devised remedies in lieu of the extraordinary common-law writs. The historic function of the common-law writ of *certiorari* is to supervise and review the proceedings of all inferior tribunals not proceeding according to the course of the common law, for the correction of jurisdictional excesses and errors of law revealed by the record. In New Jersey, from early times, *certiorari* performed the function of a writ of error where error would not lie. The judicial power thus exercised was comprised within the common-law jurisdiction of the old Supreme Court, as the

successor of the King's Bench, under the ordinance of August 1, 1751, by which it came into being. *State v. Court of Common Pleas,* 1 *N. J.* 14 (1948). The power comprehends the supervision of statutory tribunals and governmental establishments, including municipal corporations. *Bott v. Secretary of State,* 63 *N. J. L.* 289 (*E. & A.* 1899); *Specht v. Central Passenger Ry. Co.,* 68 *A.* 785 (1908); affirmed, 76 *N. J. L.* 631 (*E. & A.* 1909); *Mellor v. Kaighn,* 89 *N. J. L.* 543 (*E. & A.* 1916); *Public Service Ry. Co. v. City of Camden,* 95 *N. J. L.* 190 (*E. & A.* 1920).

This inherent power of superintendence of inferior tribunals was secured to the Supreme Court by the Constitution of 1844; and it was not within the competency of the Legislature to impair the substance of *certiorari* as a prerogative writ within the exclusive domain of that court. *Traphagen v. Township of West Hoboken,* 39 *N. J. L.* 232 (*Sup. Ct.* 1877); *Green v. Jersey City,* 42 *N. J. L.* 118 (*Sup. Ct.* 1879); *State, Patrick J. Flanagan v. City of Plainfield,* 44 *N. J. L.* 119 (*Sup. Ct.* 1881). But reasonable regulation of the remedy, falling short of an impairment of the attributes of the writ itself, was deemed to be within the legislative sphere. The Legislature could reasonably limit the time for invoking the remedy. *Green v. Jersey City, supra.* It was within the province of the law-making body to provide that the proceedings of a special tribunal should be final and conclusive, but not to preclude the employment of *certiorari* to correct the failure of the inferior tribunal to pursue the provisions of the grant, and to keep within it. And the substitution of an appeal to the common pleas for the remedy of *certiorari* was viewed as a mere regulation of the remedy, for the Supreme Court had superintendency of the action of the appellate tribunal. *Traphagen v. Township of West Hoboken, supra.* In *State, Van Cleef, prosecutor v. Commissioners of Streets & Sewers of New Brunswick,* 38 *N. J. L.* 320 (*Sup. Ct.* 1876), it was considered doubtful that the Legislature could, by a clause of limitation, place its unconstitutional enactments beyond the reach of judicial review. The Supreme

Court said: "If we were now called upon to consider the effect to be given to the clause of limitation in question, we are not prepared to say that it manifests an intent on the part of the legislature to limit the inherent power of this court to inquire into and decide upon the constitutionality of a legislative enactment, nor that it would be within the range of legislative powers so to do. It may very fairly be held to apply only to such proceedings as might be had under provisions of the law which are valid to support them; and that, as to all such provisions of the act as are within constitutional inhibition, if such there are, the limitation, being special, can be no stronger than the provision to which it applies and which supports it."

By the clearest language, the Constitution commits to the Supreme Court the regulation of the new remedies provided in lieu of prerogative writs. Review, hearing and relief shall be had on such terms and in such manner as the Supreme Court alone may provide by rule. In the administration of these remedies, there is to be no division of authority. It may well be that the framers of the Constitution were guided by what they considered the lessons of experience; but, whatever the reason, the provision is to be read and enforced in accordance with the plain terms of the grant. No distinction is made between the substantive jurisdiction to afford the relief theretofore available through the prerogative writs and the mode and manner of the exercise of the power. The whole is within the exclusive jurisdiction of the Supreme Court. Neither the exercise of the power inherent in the old Supreme Court by means of the prerogative writs nor the regulation of the remedy is subject to legislative control.

In the construction of the Constitution, we are enjoined to effectuate the intent of the people in adopting it; and this is to be found in the written expression. The thing sought is the thought which the instrument expresses. It is to be presumed that language has been employed with sufficient precision to convey the intention. There is, as has been said, no room for construction where the expression is

plain and unambiguous, whether it be expressed in general or limited terms. Of course, the whole of the instrument is to be examined with a view to arriving at the true intention of each part. A clause of doubtful import in itself may be made plain by comparison with other clauses or provisions of the instrument. *John S. Westervelt's Sons v. Regency, Inc.,* 3 *N. J.* 472, 479 (1950) ; *State v. Murzda,* 116 *N. J. L.* 219 (*E. & A.* 1936) ; *Cooley's Constitutional Limitations* (*8th Ed.*) 124 *et seq.* Viewing the specific constitutional grant in its historical and contextual setting, we have no doubt that the purpose was to commit this jurisdiction in its entirety to the newly-organized Supreme Court, free of legislative supervision. We find no modification of the terms of the grant in any other clause or provision of the instrument. There is no implied limitation by construction. The particular intent prevails. The statutory limitation contravenes the Constitution.

■ The action is not barred by the rules adopted by the court in the exercise of the constitutional power. *Rule* 3 :81–1 *et seq.* There is no period of limitation therein prescribed; and there is no suggestion of laches.

■ We find no merit in the contention that under *Rule* 3 :81–14, plaintiff was obliged to exhaust "the administrative remedies available to him" under subsections (a), (c) or (d) of *R. S.* 40 :55–39. Plaintiff is not seeking a variance from a valid regulation; he complains that the regulation itself is arbitrary and unreasonable and constitutes a deprivation of his property without due process of law. The issue is not within the jurisdiction of the local board of adjustment.

The order denying defendant's motion for summary judgment and dismissal of the complaint is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.