RAY GARRAMONE, ELDRIDGE HAWKINS AND JOHN LAS-
KEY, PLAINTIFFS-RESPONDENTS, v. NICHOLAS V.
CAPUTO, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 11, 1977—Decided May 11, 1977.

Before Judges CRANE, MICHELS and MILMED.

*Mr. Peter G. Stewart,* Essex County Counsel, argued
the cause for appellant Nicholas V. Caputo.

*Mr. Eldridge Hawkins* argued the cause *pro se* and for
respondents Ray Garramone and John Laskey.

*Mr. E. Robert Levy* argued the cause for Robert A. Roe.

*Mr. Francis P. McQuade* argued the cause for New Jersey Association of County Clerks.

*Mr. Leonard J. Felzenberg* argued the cause for Thomas Kean.

PER CURIAM. Defendant Nicholas V. Caputo, Essex County Clerk, appeals from an order of the Law Division which, in essence, determines that the drawing for positions on the ballot for the primary election to be held on June 7, 1977 was unlawful and directs that the Essex County Clerk conduct a new drawing, using cards instead of capsules, in accordance with the provisions of *N. J. S. A.* 19: 23–24.

The primary election to be held in Essex County on June 7, 1977 is for the determination of nominees for Governor, members of the Legislature and county and local officials. On May 5, 1977 the clerk drew ballot positions by the use of capsules with party designations inserted therein in accordance with the provisions of *N. J. S. A.* 19:49–2 and *N. J. S. A.* 19:14–12.

Plaintiffs instituted this action by a complaint in lieu of prerogative writs and an order to show cause directing the clerk to show cause why the drawing should not be declared void and why cards should not be used in the drawing, rather than capsules. A hearing was held on May 9, 1977, at the conclusion of which the trial judge held that *N. J. S. A.* 19:23–24 was controlling and that the drawing must be by cards rather than capsules. Defendant immediately appealed, and we accelerated the appeal, setting the matter down for argument on May 11, 1977. Plaintiffs argued that a literal construction of *N. J. S. A.* 19: 23–24 requires the use of cards rather than capsules in the drawing for positions on the primary ballots.

While the precise issue was not before the Supreme Court in *Quaremba v. Allan,* 67 *N. J.* 1 (1975), the principle laid down in that case mandates our determination that *N. J. S. A.* 19:23–24 excepts from its operation counties to which *N. J. S. A.* 19:49–2 applies, *viz.,* counties in which voting machines are used. Essex County is such a county. *N. J. S. A.* 19:48–3.3. In *Quaremba v. Allan,* the Supreme Court stated:

> We find no substance to plaintiffs' second contention — that the county clerk in counties using voting machines also must comply with the provisions of *N. J. S. A.* 19:23–24 — nor are we persuaded that we should overrule the rulings to the contrary set forth in a series of prior judicial opinions. *Hawkes v. Gates,* 129 *N. J. L.* 5 (Sup. Ct. 1942) ; *In re Hoffman,* 134 *N. J. L.* 155 (Sup. Ct. 1946) ; *Bado v. Gilfert,* 13 *N. J. Super.* 363 (App. Div. 1951) ; *Harrison v. Jones,* 44 *N. J. Super.* 456, 462 (App. Div. 1957) ; *Farrington v. Falcey,* 96 *N. J. Super.* 409 (App. Div. 1967) ; *Moskowitz v. Grogan,* 101 *N. J. Super.* 111 (App. Div. 1968), certif. den. 51 *N. J.* 575 (1968).
>
> There is no warrant for ignoring the express statement embodied in *N. J. S. A.* 19:23–24 excepting from its operation counties to which *N. J. S. A.* 19:49–2 applies. Nor would we be justified in failing to give full weight to the Legislature's evident acquiescence in the uniform judicial interpretation of *N. J. S. A.* 19:49–2 since 1942, when *Hawkes v. Gates, supra,* was decided. "[I]t must be presumed that the Legislature was aware of this ruling [in *Hawkes*] when it amended *N. J. S. A.* 19:49–2 in 1944, 1945, 1946 and 1948 without making any change therein affecting that holding." *Moskowitz v. Grogan, supra,* 101 *N. J. Super.* at 115 [at 13–14]

Accordingly, we reverse the judgment of the Law Division and remand the matter to the trial court for resolution of the factual issues raised in the complaint which were not determined below. The trial court is directed to hold a hearing forthwith. We do not retain jurisdiction.