**Christine KENO, Plaintiff,**

v.

**John DOE, Defendant.**

**Civ. No. 77–0928.**

United States District Court,
New Jersey.

May 12, 1977.

Supplemental Opinion June 1, 1977.

### MEMORANDUM ORDER

BIUNNO, District Judge.

Keno has handed the Clerk a verified pro se complaint and an affidavit of indigency to allow her to file under 28 U.S.C. § 1915.

The complaint, as well as the instructions to the Marshal for service, name the defendant as "John Doe, c/o Nicholas Caputo, County Clerk".

The complaint appears to challenge the procedures used to select ballot positions for the June 7, 1977 primary election in New Jersey, which .in this year is understood to involve the selection of candidates for Governor, the Senate and General Assembly, and various county offices. There is no election this year for President or Vice President, U. S. Senate or House of Representatives. For the law applicable, see N.J.S.A. 19:23 to 19:26.

Various claims are made, asserted to be of constitutional magnitude, including one in the verification that the method used did not allow "all candidates equal choice in selecting a place on the ballot. . ." [sic].

Another objection is that voters are required to declare political party affiliation in order to vote in one primary (party) election or another, at a time when the identity of the contenders for party nomination is not officially established. This is said to be analogous to a poll tax, used in the past to enable political "machines" to discriminate against minorities, and to assist incumbents to resist challenge by others.

The affidavit of indigency is somewhat uninformative, but despite its deficiencies the court will allow the complaint to be filed under 28 U.S.C. § 1915. If the matter is to proceed further, the court may require more complete proof on this score.

Keno claims to be a candidate for Mayor of the City of East Orange. Municipal elections are governed by N.J.S. Title 40, rather than by Title 19, with various provisions being applicable, such as N.J.S.A. 40:69A–1, et seq., 40:114–3, 40:125–2, 40:131–3, 40:132–1, 40:171–24.1, among others.

The key difference between elections for the office of Mayor or other municipal office, and those for larger governmental units (e. g., county, congressional district, legislative district, Statewide, etc.) is that there is no primary election for municipal office, and so far as the court can ascertain, no voter is required to declare any party affiliation either to sign a nominating petition for or to vote in, a municipal election.

See, also, generally 25 Am.Jur.2d, "Elections", § 116 et seq., and *Snowden v. Hughes,* 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1943), holding that the federal constitution does not deprive a state of its power to regulate elections and should not be distorted to make the federal courts the supervisor of elections held under State law.[1]

It is accordingly plain that Keno's realistic chances of ultimate success are slight, in view of the nature of the claim and the defenses available. In addition, by naming "John Doe" as defendant, there is no specific person to be served with process and called upon to answer and defend. This fact would rob any proceeding on Keno's complaint of any semblance of due process, and would convert it into an *ex parte* action.[2]

---

1. Of course, these matters may always be taken up by the state courts. In New Jersey, the prerogative writ power of the courts is as broad as it was at Kings' Bench, and it may not be confined or reduced by legislative enactment. See, *N.J.Const.,* 1776, Art. 22; *N.J. Const.,* 1844, Art. 10, par. 1; *N.J.Const.,* 1947, Art. 11, § 1, par. 3. And see, for example, *Green v. Heritage,* 64 N.J.L. 567, 46 A. 634 (E & A 1900).

    Under New Jersey's present judicial structure, the names of the prerogative writs (e. g., certiorari, mandamus, quo warranto, prohibition and procedendo) were abolished but the remedies of review, hearing and relief were preserved, and made available "as of right" in civil cases, *N.J.Const.,* 1947, Art. 6, § 5, par. 4.

And see, *Fischer v. Bedminster Tp.,* 5 N.J. 534, 76 A.2d 673 (1950).

The very subject of Keno's complaint has been the subject of review by the New Jersey courts this month in *Garramone v. Caputo,* decided May 9, 1977 in the Superior Court, Law Division, argued, decided and reversed on May 11, 1977 in the Superior Court, Appellate Division (Docket No. A–3395–77), 149 N.J.Super. 582, 374 A.2d 485, and certification denied by the Supreme Court of New Jersey on May 17, 1977.

2. This ruling in no way involves the long-known and well established practice of naming parties by fictitious names, such as "John Doe", when the real name of the party is not

For these reasons, the court finds the complaint is frivolous within the meaning of 28 U.S.C. § 1915(d), see *Ruth v. Congress of United States,* 71 F.R.D. 676 (D.N.J. 1976); *Ruth v. First National Bank of New Jersey,* 410 F.Supp. 1233 (D.N.J.1976).

The clerk is directed to accept the papers for filing, and the complaint will be thereupon dismissed as frivolous. F.R.Civ.P. 12 is not applicable to this ruling, which is grounded on the statutory authority referred to.

## SUPPLEMENTAL OPINION

Re: *Keno v. Doe,* Civ. 77–0928

Keno has submitted to the clerk two papers, one marked "Complaint" and the other marked "Affidavit." While seemingly drafted as an independent action, this time naming "Joseph Arnold, Commissioner Elections" [sic], it is plain that these papers do no more than express disagreement with this court's ruling in the Memorandum Order dated May 12, 1977, which dismissed the previous complaint as frivolous.

This appears from a reading together of the complaint and affidavit. Between the two documents, Keno says that

1. This court failed to act on her previous complaint.

2. The New Jersey statute (unidentified in either set of papers) is repressive and violates the constitutional rights of citizens.

3. The election officials failed to designate Keno (a candidate for Mayor of the City of East Orange) as a Democrat; this implies she is something else [sic] and will cost her votes.

4. She demands that the court rule on the requirement that party affiliation be declared (for the primary election) by a date before that set for candidates to file, and that all voters be allowed to vote for the candidate of their choice, regardless of party affiliation.

5. Keno will demand a re-election if the court refuses to act on the complaint and demands damages of $200,000 for monetary losses.

6. In the period when the court considered and dismissed the original complaint, it was conducting a trial in a civil action which Keno regards as trivial in comparison to the rights she contends are being denied the citizens of East Orange, N.J.

Pro se pleadings and other papers are always read with great liberality in order to search out some basis, if any there be, for allowing them to stand. In this case, the most that can be said are that the papers amount to an application for reargument or reconsideration of the earlier ruling, and for leave to amend by naming Mr. Arnold as a defendant in place of "John Doe".

The application, so construed, must be denied. While the naming of Mr. Arnold overcomes one defect in the earlier complaint, the action as a whole remains a frivolous one. In addition, the newly submitted papers are malicious, containing as they do an open threat to sue the court for monetary damages because it dismissed the complaint.

The fact remains, as noted before, that there are no primary elections for municipal office in New Jersey. The contest to elect a Mayor for East Orange is a general municipal election. It is held at the same time, and on the same ballot, as the primary elections for State and County offices, but all municipal candidates appear on all ballots, may be voted for by all voters regardless of party affiliation for the primary election, and all votes cast are counted without regard to party affiliation.

known. See, for example, *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In such cases, however, the complaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served. The Federal Rules of Civil Procedure do not appear to mention this point explicitly. It is commonly dealt with in state court rules, e. g. N.J. Court Rule R. 4:26–4 through 7.

See, also, *McConahy v. City of London Corp.,* 381 F.Supp. 728 (D.N.J.1974); *U.S. ex rel. Mayo v. Satan and His Staff,* 54 F.R.D. 282 (W.D.Pa.1971).

Keno also overlooks the principle that the federal constitution is not to be distorted in ways that will make the federal court a supervisor of elections held under State law. Everyone knows that in every election year some number of actions are brought in the State courts regarding election issues, and that this year a number of such suits have been already heard and decided all the way up to the Supreme Court of New Jersey. The State courts are geared for this, and handle such actions expeditiously.

Keno has fractiously chosen to attempt to force a federal court to do what it cannot do. She is in the wrong church and the wrong pew.

The application for leave to amend and for reconsideration is denied. The clerk is directed to file the newly submitted papers in the captioned cause. The judgment of dismissal entered May 13, 1977 will stand unaltered.

SO ORDERED.