936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
John Q. SHANGREAUX, also known as Charles Norman, also known
as Robert H. Ketchum, Plaintiff-Appellant,
v.
MIDWEST CITY POLICE DEPARTMENT, Defendant-Appellee.
 No. 91-6013.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 On October 12, 1990, the plaintiff, John Q. Shangreaux, appearing pro se, filed an action against the defendant, Midwest City Police Department, alleging that the defendant deprived him of various constitutional rights during the course of his arrest. On December 18, 1990, the district court dismissed Shangreaux's complaint on the grounds that the Midwest City Police Department was not a suable entity. Dist.Ct.Order at 2. The district court did, however, give Shangreaux ten days to amend his complaint and to name the individual police officers involved in the alleged offense. Id. at 1 n. 1. Eight days later, Shangreaux filed an amended complaint naming three John Doe police officers, "DOES ONE, TWO, AND THREE, DEFENDANTS." Amended Complaint, R.Doc. 12. The docketing clerk, unaware that the district court had given Shangreaux ten days to amend his complaint, rejected it on the ground that his complaint had already been dismissed. Id.
 
 
 3
 Shangreaux raises two claims on appeal: (1) that the district court improperly denied him the right to amend his complaint in accordance with its December 18, 1990 order; and (2) that the Midwest City Police Department was properly named as a defendant. We agree with Shangreaux's first claim but reject his second.
 
 
 4
 Shangreaux complied with the court's ten day condition it imposed on his right to amend his complaint. Therefore, the district court is instructed to accept his amended complaint, which was properly tendered within the ten day time period. Although Shangreaux's amended complaint does not give the actual names of the police officers involved, the "Doe" references are sufficient. He describes the defendants as the officers that arrested him, and that description is sufficient by date and incident to enable the court to order the city, which has appeared in this case, to identify the officers by name. See Scheetz v. Morning Call, 130 F.R.D. 34, 36-37 (E.D.Penn.1990). See also Keno v. Doe, 74 F.R.D. 587, 588 n. 2 (D.N.J.1977), aff'd, 578 F.2d 1374 (3d Cir.1978) (where the names of the defendants are unknown, "the complaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served."). Cf. Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 390 n. 2 (1971) ("The agents were not named in petitioner's complaint, and the District Court ordered that the complaint be served upon "those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the [petitioner]." ... Five agents were ultimately served." (brackets in the original, citation omitted)). But see Breslin v. City and County of Philadelphia, 92 F.R.D. 764, 765 (E.D.Penn.1981) (dismissing a suit against three unnamed police officers citing to pre-Bivens cases holding that the Federal Rules of Civil Procedure do not provide for fictitious names). Once the identities of the officers are known, the district court may instruct a United States Marshall to serve the officers with process. See Fed.R.Civ.P. 4(c)(2)(B)(i).
 
 
 5
 Shangreaux's second claim is without merit. The police department of Midwest City is not a suable entity. See Martinez v. Winner, 771 F.2d 424, 444 (10th Cir.1985), modified in part on rehearing, 778 F.2d 553 (10th Cir.1985). Of course, to remedy this defect, Shangreaux needs only to amend his complaint to name Midwest City as a defendant.
 
 
 6
 Therefore, this case is REMANDED for proceedings consistent with this order.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3