**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2156-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMAL E. GADSON, a/k/a
JAMAL GADSON, JAMAL E.
DADSON, JAMAL EMMETT
GADSON, and GEEZY,

     Defendant-Appellant.

_____

     Submitted May 21, 2025 – Decided August 6, 2025

     Before Judges DeAlmeida and Puglisi.

     On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-05-1212 and Accusation No. 17-09-2538.

     Jennifer N. Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

     Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jamal E. Gadson appeals from the February 7, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On September 20, 2017, defendant pleaded guilty to Accusation No. 17-09-2538, first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1); and count two of Indictment No. 17-05-1212, third-degree possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 2C:35-5(b)(3). In exchange for defendant's guilty plea, the State agreed to dismiss the remaining counts of the indictment and recommend an eighteen-year sentence for the armed robbery and a concurrent four-year sentence for the CDS offense, both sentences to run concurrently with a pending violation of probation.

Because the armed robbery conviction was subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, the court advised defendant the eighty-five percent mandatory period of parole ineligibility on an eighteen-year sentence was fifteen years, three months and eighteen days. Prior to accepting the plea, the court conducted a colloquy with defendant to ensure he knowingly and voluntarily entered into the agreement. Defendant then provided a factual basis for the armed robbery charge, admitting he was armed with a knife and used force to

A-2156-23

take a purse from a person; and for the CDS offense, admitting he possessed heroin intending to sell it.

At the commencement of the October 13, 2017 sentencing hearing, the assistant prosecutor advised the court the "matters were the subject of the negotiated agreement," and moved for sentencing in accordance with the plea agreement. The court confirmed with defense counsel there were no changes or modifications to the presentence report and then reviewed the appeal rights form with defendant. The court did not ask defense counsel if he wanted to be heard, nor did counsel request to be heard, as to sentencing. Defendant declined to make a statement before the court imposed sentence.

Pursuant to N.J.S.A. 2C:44-1(a), the court found aggravating factors three (the risk that the defendant will commit another offense), six (the extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted), and nine (the need for deterring the defendant and others from violating the law), which it determined clearly and substantially outweighed the non-existent mitigating factors. Finding the plea agreement fair and in the interests of justice, the court imposed the recommended sentence in accordance with the plea agreement. We considered defendant's appeal on the sentencing oral argument calendar and affirmed on February 13, 2019.

A-2156-23

On January 12, 2023, defendant filed a petition for PCR alleging ineffective assistance of counsel in preparation for and during the sentencing hearing. Assigned counsel filed an amended petition.

After considering argument, the PCR court denied the petition without an evidentiary hearing. In its February 7, 2024 oral decision, the court found defendant failed to meet either prong of Strickland v. Washington, 466 U.S. 668 (1984). First, the court determined defense counsel's representation at sentencing did not fall below an objective standard of reasonableness because, although counsel had a right to argue for a lesser sentence under State v. Warren, 115 N.J. 433 (1989), he was not obligated to do so. In addition, the court found defendant could not demonstrate that, had counsel argued for a lesser term, the court would have imposed a lesser sentence.

On appeal, defendant argues:

> THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER THE DEFENDANT'S ATTORNEY SHOULD HAVE ARGUED FOR A LESSER SENTENCE.

To succeed on a claim of ineffective assistance of counsel, a defendant must establish by a preponderance of the evidence both prongs of the test set forth in Strickland, 466 U.S. at 687, and adopted by our Supreme Court in State

4

v. Fritz, 105 N.J. 42, 58 (1987). State v. Gaitan, 209 N.J. 339, 350 (2012). First, a "defendant must show that counsel's performance was deficient." Strickland, 466 U.S. at 687. A defendant must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. The Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless it was not "within the range of competence demanded of attorneys in criminal cases" and instead "fell below an objective standard of reasonableness." Id. at 687-88.

When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. A reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Under the second Strickland prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244

N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 693-94). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694).

Because the PCR court denied the petition without an evidentiary hearing, we review the order de novo. State v. Harris, 181 N.J. 391, 421 (2004). We review the decision to deny the petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

Although defense counsel has "an unfettered right to argue in favor of a lesser sentence than that contemplated by the plea agreement," State v. Briggs, 349 N.J. Super. 496, 501 (App. Div. 2002), counsel is not obligated to do so. We recognize there are instances where defense counsel's acquiescence to the terms of a plea agreement may fall below a reasonable standard. See State v. Hess, 207 N.J. 123, 130, 160 (2011) (holding counsel for the defendant, who shot and killed her husband, was ineffective at sentencing for failing to argue any mitigating factors, discuss evidence suggesting defendant was a victim of domestic violence, or object to a prejudicial video played by the prosecutor).

Here, defendant's petition was devoid of any facts that, had counsel requested, would have lessened the sentencing court's finding and weighing aggravating factors or supported finding any mitigating factors. Defendant may

not rely on "bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, the petition "must allege facts sufficient to demonstrate counsel's alleged substandard performance." Ibid. On this record, we are unpersuaded counsel's representation was constitutionally deficient.

We are also unpersuaded defendant established the second prong of Strickland, because he could not demonstrate the outcome of the sentencing would have been different had defense counsel argued for a lesser sentence. The sentencing court found the aggravating factors substantially outweighed the mitigating factors and independently found the plea agreement to be a fair resolution in the interests of justice. A sentence imposed "in accordance with [a] plea agreement should be given great respect, since a 'presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants.'" State v. S.C., 289 N.J. Super. 61, 71 (App. Div. 1996) (quoting State v. Sainz, 107 N.J. 283, 294 (1987)). Defendant's petition did not contain a factual basis that would have impacted the court's calculus in imposing the negotiated sentence.

Because defendant failed to establish by a preponderance of the evidence a prima facie case for relief, material issues of disputed fact, or that an

7

evidentiary hearing was necessary, we discern no abuse of discretion in the PCR court's denial of his request for a hearing. R. 3:22-10(b); see Preciose 129 N.J. at 462-63.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hasley

Clerk of the Appellate Division

8