**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3253-23

FONG S. LIN,

    Plaintiff-Appellant,

v.

MORRIS COUNTY
CONSTRUCTION BOARD
OF APPEALS and BOROUGH
OF MADISON,

    Defendants-Respondents.

_____

Submitted September 10, 2025 – Decided October 7, 2025

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0305-24.

Fong S. Lin, appellant pro se.

John M. Barbarula, attorney for respondent Morris County Construction Board of Appeals.

Cleary Giacobbe Alfieri Jacobs, LLC, attorneys for respondent Borough of Madison (Marina V. Stinely, on the brief).

PER CURIAM

Plaintiff Fong S. Lin appeals from the May 21, 2024 order of the Law Division granting motions to dismiss filed by defendants Borough of Madison (Borough) and the Morris County Construction Board of Appeals (Board). Applying pertinent legal principles to the record and the issues, we affirm.

I.

In June 2022, plaintiff submitted an application to the Madison Building Department (MBD) for a permit to construct a loft-level storage platform within an enclosed portion of his single-family residence in Chatham.[1] The proposed design envisioned a free-standing wooden support structure intended to rest on an existing concrete slab and the soil beneath it, "not connected to or supported by the existing foundation wall," as phrased by plaintiff. Pursuant to N.J.A.C. 5:23-2.15(f)(1)(ix)(1), which permits homeowners to submit plans for private residential construction absent licensure in New Jersey as an architect or engineer, plaintiff prepared the plans himself.

In July, MBD denied plaintiff's application, citing a lack of sufficient information. Specifically, MBD was not satisfied that the structure, which it

---

[1] The record reflects that the Borough administers construction permit applications and inspections for Chatham Borough.

regarded as external rather than internal, was adequately supported by footings extending below the frost line. Plaintiff's application lacked information about subsurface footings, raising concerns for MBD about the slab's structural integrity.

Plaintiff appealed MBD's denial to the Board, asserting the slab was an interior component enclosed within the home's existing foundation. As such, he contended MBD's concern about the depth of footings was misplaced. In September, the Board held a public hearing to consider the appeal. During the hearing, Board members expressed concern that plaintiff had not provided verifiable measurements of the existing foundation's depth. Members also expressed that plaintiff's reliance on estimated values based on adjacent areas of the house was inadequate. On November 17, 2022, the Board adopted a resolution affirming the denial.

On November 8, 2023, plaintiff submitted a revised application to MBD that included additional documentation to support his position that the plan was consistent with accepted engineering standards. He included photographs of excavations near the footings in an effort to persuade the Board their depth was adequate. Also, in support of the contention that his plan was within acceptable engineering practices, plaintiff cited regulations promulgated by the

3

International Residential Code.[2]   On November 28, MBD rejected plaintiff's revised submission.  In December, plaintiff appealed to the Board.

On February 6, 2024, the Board declined to accept the appeal, determining plaintiff's submission effectively sought reconsideration of the Board's 2022 decision through an application "almost identical" to the earlier one.  The Board concluded plaintiff "fail[ed] to provide any substantial differences regarding [plaintiff's] project and/or deficiencies noted by the municipality regarding [his] construction plans."

On February 14, 2024, plaintiff filed a complaint in lieu of prerogative writs in the Law Division, challenging both MBD's permit denial and the Board's refusal to accept his second appeal.  In the complaint, plaintiff contended MBD's refusal to recognize his excavation evidence and engineering analysis was not grounded in any express code violation and that MBD had wrongly insisted on plaintiff's architectural licensure, a requirement preempted by applicable regulations.

In March 2024, the Borough and Board moved to dismiss the complaint.

---

[2]   The International Residential Code was first published in 2000 by the International Code Council and has been updated with new editions released every three years since.  In the available record, plaintiff does not specify which edition of the Code he referenced to the Board.

Plaintiff opposed both motions. Following argument, the trial court granted defendants' motions in a May 21, 2024 order and statement of reason, holding: (1) the doctrine of res judicata barred re-litigation of issues previously adjudicated by the Board in 2022; and (2) plaintiff had failed to meet his burden to show the Board's conduct was arbitrary, capricious, or unreasonable. Specifically, the court found plaintiff's 2022 and 2023 applications substantively similar in that the original permit denial was based on the absence of proof regarding footing depth. Plaintiff's second submission did not materially rectify that deficiency. In dismissing the complaint in its entirety, the court concluded plaintiff failed to meet his burden of proof, finding plaintiff had offered no expert certification or other evidence that his design constituted "accepted engineering practice." This appeal follows.

II.

"When reviewing a trial court's decision regarding the validity of a local board's determination," appellate courts "are bound by the same standards as was the trial court." Jacoby v. Zoning Bd. of Adj. of Borough of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). Appellate courts "give deference to the actions and factual findings of

local boards and may not disturb such findings unless they were arbitrary, capricious, or unreasonable." Ibid.; see also Dunbar Homes, Inc. v. Zoning Bd. of Adj. of Twp. of Franklin, 448 N.J. Super. 583, 594-95 (App. Div. 2017) (a "board's determination will be set aside only if arbitrary, capricious or unreasonable"), aff'd, 233 N.J. 546 (2018). Whether a final agency decision is arbitrary, capricious, or unreasonable depends on a determination of:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Herrmann, 192 N.J. 19, 28 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014); see also Barone v. Dep't of Hum. Servs., Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986), aff'd, 107 N.J. 355 (1987).

In reviewing the Board's action, "the question is not whether the trial court or [the appellate] court would have reached the same determination as that reached by the Board. Rather, the question is whether the determination is

6

supported by the evidence in the record, or whether the determination is arbitrary and unreasonable." N.Y. SMSA Ltd. P'ship v. Bd. of Adjustment of Tp. of Bernards, 324 N.J. Super. 149, 163 (App. Div. 1999).

Res Judicata

Both the Board and trial court relied on the doctrine of res judicata in reaching their determinations. "The doctrine of res judicata 'contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation.'" Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989) (quoting Lubliner v. Bd. of Alcoholic Beverage Control, 33 N.J. 428, 435 (1960)). The doctrine "precludes parties from relitigating substantially the same cause of action." Ibid.

For res judicata to apply, three elements need be fulfilled:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 412 (1991).]

"[A] dismissal with prejudice constitutes an adjudication on the merits 'as fully and completely as if the order had been entered after a trial.'" Velasquez

7

v. Franz, 123 N.J. 498, 507 (1991) (quoting Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972)).  We review de novo a trial court's decision to invoke res judicata.  Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000).

Plaintiff contends the judge erred in concluding disposition of his applications are governed by res judicata.  In this regard, the judge found:

> The 2022 and 2023 applications and plans lack "any proof of existence of footing below the frost line[,]" as there were no substantial changes between the applications.  Further, [the] same parties are involved, and the Board has clearly adjudicated the merits of the applications.  Therefore, the [c]ourt finds the applications to be substantially similar, and res judicata bars the instant complaint in lieu of prerogative writ[s].

We perceive no error in the judge's factual findings or legal conclusion. Plaintiff's 2022 application to the Borough was denied based on a design that did not meet a requirement that there be footings for the structure below the frost line due to its designation as an external structure.  Plaintiff objected to the Borough's designation, contending the structure was interior, not exterior, and therefore did not require footings below the frost line.  On appeal to the Board, according to plaintiff, the reason for denial was that the structure did not have a "three[-foot] footing" and plaintiff could "not provide an exact, precise figure"

8

to the Board of the depth of the existing footing in a manner that was sufficiently detailed. Plaintiff did not challenge the Board's 2022 decision.

Plaintiff submitted his 2023 application after conditions permitted him to excavate and photograph the apparent depth of the footings. At oral argument, plaintiff described how he had measured the depth of the footings: "I went back after [] the winter [wa]s over, I dug up the ground. Took a picture . . . ."

The judge assessed plaintiff's 2023 application:

> [The 2023 plans] are certainly different graphics let's say. It's a different graphic. One, the original one . . . is like an architectural type of drawing or plan[,] where the second one was blockier[.] I don't know how to say it, but . . . it was certainly different. Probably done through a different software or something like that, and it looked different.
>
> But I did compare them to the extent I could from apples to apples. To look at the same pages showing and depicting the same elevations from page to page. And what I did notice in the second one is that the page . . . substantially shows where, where the footings would be or where [] the supports were . . . they're virtually the same, in essence.
>
> [Emphasis added.]

Our review of the record accords with the judge's assessment that res judicata controls. The primary distinction between the two applications was that the 2023 submission included an additional two-page narrative accompanied by

9

photographs, which plaintiff submitted as additional "proofs." Plaintiff insisted his second proposal conformed to "acceptable engineering practice[s]" and that the Board's rejection was arbitrary. However, the judge observed: "[You] did [not] change the plan. The plan is essentially the same."

Moreover, the judge determined plaintiff's recitation of code provisions within the two supplemental pages failed to establish the plan complied with "acceptable engineering practices." In the statement of reasons, the judge wrote:

> Plaintiff claims that he submitted documents to the Board related to soil and concrete testing [to] demonstrat[e] that the concrete slab is sufficiently strong enough to support the necessary load based on "accepted engineering practices," and thus, does not require footings below the frost line. . . . However, he failed to produce any soil or concrete testing to the Board or the [c]ourt . . . . There was no evidence of soil or concrete testing, or hammer sounding and visual inspections of any nature provided by plaintiff[.][3] Indeed, in prerogative writ actions, the [c]ourt cannot review or consider evidence that was not before the Board. See, e.g., [Fischer v. Bedminster Twp., 5 N.J. 534, 539 (1950).]

Here, the trial court's review was consistent with established case law

---

[3] Plaintiff challenges this finding, pointing to hammer testing he purportedly conducted and referenced in his first submission. We discern from the court's ruling that it was referring instead to concrete testing or hammer sounding conducted by a neutral party; hence, the reference in the same sentence to the absence of "visual inspections of any nature . . ." and finding that plaintiff's "appeal lacked any confirming evidence through expert testimony or otherwise."

A-3253-23

holding that where "there [was] no substantial change[] in the current application . . . from the prior application, [and] there was a prior adjudication on the merits of the application, and both applications seek the same relief, the later application may be barred." Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 39 (2013) (citing Bressman v. Gash, 131 N.J. 517, 527 (1993)).

We concur with the court's observation that it could not review or consider evidence that was not before the Board. The role of the trial court is limited in an action in lieu of prerogative writs. On this point, the judge stated:

> THE COURT: You also understand that this [other] matter [you raise], that's not before me right now, okay? Just your application here, and I have to abide by the law. So, the law says, you have the obligation. You have the burden of proof here.
>
> MR. LIN: Yeah.
>
> THE COURT: To establish that the [] Construction Board of Appeals acted in some way in an arbitrary . . . or capricious or unreasonable manner in upholding the construction official's denial . . . of your permit. So, . . . I could agree with you, but if you can't establish to me that the decision was arbitrary, capricious or unreasonable, even if I agree with you, I can't overturn, okay? Do you understand that?
>
> MR. LIN: I understand.

Despite the trial court's articulation of the applicable standard of review, plaintiff contends on appeal that the trial judge "brushed aside all direct on-point

11

evidence presented" and that the "level of 'proof' [the court] require[d] was also extraordinary."

We disagree with plaintiff's characterization of the trial court's approach to the evidence and its proper scope of review. As the trial court expressly noted, "on an action in lieu of prerogative writ typically there is no discovery. It's what was before the Board that comes to the [c]ourt." Plaintiff likewise fails to acknowledge the applicable standard of review is intended to ensure that judicial review is confined to the record before the Board. As we have noted, there is no supplementation. N.Y. SMSA Ltd. P'ship, 324 N.J. Super. at 163. Accordingly, the trial court's observation that the alleged N.J.A.C. violations were not "matters necessarily appropriate for these proceedings" is directly applicable. In conforming its findings of fact as to the record before the Board, the trial court's conclusion that the Board's determination was based on substantial reliable evidence was sound. The Board was presented with an insufficiently detailed application as to the depth of the existing footing. As a result, the Board could not make an informed decision whether to grant plaintiff's application. Because the Board's decision could not reasonably be made, denial was not clearly erroneous. Herrmann, 192 N.J. at 28. Based on the insufficiency of evidence presented to the Board, the trial court properly

concluded the Board's decision was not arbitrary or capricious.

Plaintiff contends for the first time on appeal that the Borough's permit processing practices were unlawful. Specially, he asserts that by receiving and rejecting his second appeal without affording him a full hearing, the Board rendered the "municipality's decision automatically [] valid and binding on the applicant, regardless of the municipality's N.J.A.C. violations," thereby treating the appeal as though it had never been filed. In doing so, he contends the Board effectively perpetuates the Borough's purportedly unlawful permitting practices and facilitates the advancement of "whatever agenda" the Borough may possess.

Ordinarily, the Appellate Division "decline[s] to consider questions or issues not properly presented to the trial court . . . 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)); see also Alloco v. Ocean Beach & Bay Club, 456 N.J. Super. 124, 145 (App. Div. 2018) (applying "well-settled" principle that appellate courts will not consider an issue that was not raised before the trial court).

Even if we were to consider defendant's improperly-presented arguments, they are unpersuasive. Notwithstanding plaintiff's contentions, the record is

13

devoid of evidence that MBD or the Borough violated N.J.A.C. provisions, acted arbitrarily or unreasonably, or possessed a dubious agenda. Thus, plaintiff's claims are speculative, lack support from substantive evidence, and fall outside the scope of appellate review.

To the extent we have not addressed other arguments raised, it is because we deem them insufficient to merit discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

14

A-3253-23